UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

AUTOMATED MANAGEMENT
SYSTEMS, INC.,

       Plaintiff,

  -v-                                               No. 16 CV 4762-LTS

RAPPAPORT HERTZ CHERSON
ROSENTHAL, P.C., et al.,

       Defendants.

-------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

Plaintiff Automated Management Systems, Inc. ("AMSI"), a developer and licensor of software products, commenced this action against Defendants Rappaport Hertz Cherson Rosenthal, P.C. ("RHCR"), its four named partners William Rappaport, Steven M. Hertz, Eliot J. Cherson, and Michael C. Rosenthal (collectively with RHCR for the purposes of the instant motion, "Defendants"), and non-moving Defendant Branko Rakamaric, who has filed an Answer to the Complaint. Plaintiff claims that Defendants and Rakamaric have infringed on Plaintiff's copyrights to certain software, and further asserts common-law tort claims against Defendants and Rakamaric. (Docket entry no. 48 (Amended Complaint ("AC")), at ¶¶ 46-64.) Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim. The Court has subject matter jurisdiction of Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and 1338, and may exercise supplemental jurisdiction of Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

The Court has carefully considered the submissions of the parties in connection with the instant motion and, for the following reasons, Defendants' motion to dismiss is granted.

BACKGROUND

The following recitation of facts relevant to the instant motion is drawn from the operative AC and is taken as true for the purposes of this motion to dismiss.[1]

AMSI developed and licensed to RHCR a software program referred to in the AC as the "Landlord-Tenant Legal System ('LTLS') software." (AC ¶¶ 1-3.) AMSI and RHCR entered into a Software Subscription Agreement (the "Agreement") governing the terms of AMSI's license of the LTLS software to RHCR. (AC ¶ 3 & Ex. A (the Agreement).) The Agreement was entered into on January 2, 2007. (AC Ex. A, p. 1.)

AMSI attached two copyright registrations to the AC. The first, Registration TX 7-232-302, is for a work titled "L&T Legal System" that was completed in 1998. (AC Ex. B (the "L&T Copyright").) The L&T Copyright was registered on September 3, 2010. (Id.) The second, Registration TX 7-232-319, is for a work titled "Landlord & Tenant Legal System" that was completed in 2007 and first published on November 1, 2007. (AC Ex. B (the "Landlord & Tenant Copyright").) The Landlord & Tenant Copyright was also registered on September 3, 2010. (Id.)

AMSI alleges that it has licensed versions of LTLS to RHCR for about 25 years, and that the operative license during the events in question was the Agreement, signed in 2007. (AC ¶ 22.) In May 2016, RHCR allegedly identified improper copies of the LTLS system on a server run by RHCR that was separate from the server used to run the LTLS system. (AC ¶¶ 24-

---

[1] In connection with the instant motion practice, both parties submitted fact affidavits. (Docket entry nos. 53, 58, and 61.) The consideration of factual material extrinsic to the operative pleading is improper in the context of a Rule 12(b)(6) motion, and the Court accordingly has not considered the fact affidavits in reaching its decision.

29.)  AMSI asserts that this copying violated its copyrights in the LTLS system, and breached the Agreement.  (AC ¶ 31.)

DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A complaint cannot simply state legal conclusions or bare elements of a cause of action; there must be factual content pleaded that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Although registration of a copyright is not required to obtain copyright protection, see 17 U.S.C. § 408(a), it is a necessary prerequisite to maintaining an infringement action in federal court, see id. § 411(a) (stating that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title").  Defendants assert that AMSI has failed to state a claim for copyright infringement because the LTLS licensed to RHCR in the Agreement is not the work copyrighted in either the L&T Copyright or the Landlord & Tenant Copyright, and that, accordingly, AMSI has failed to state a claim for copyright infringement.  The Court agrees.

The AC contains only the sparsest of allegations as to the relationship between the LTLS software licensed to RHCR and the two registered copyrights AMSI identifies, one of which far predates the Agreement and the other of which was registered after the Agreement (both were registered many years before the alleged infringement).  The AC asserts that the

LTLS software "is copyrighted," but a copyright alone is insufficient to maintain an infringement action in this Court: the copyright upon which the suit is based must be registered. Accordingly, the AC is deficient insofar as it fails to identify with any specificity the registered work that Defendants allegedly copied.

The AC also asserts in a wholly conclusory fashion that Defendants "have reproduced the copyrighted works," without alleging any factual material from which the Court could conclude that Defendants' alleged infringement involved the software or portions of the software whose copyright was registered in either the L&T Copyright or the Landlord & Tenant Copyright.[2] See, e.g., SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F. Supp. 2d 206, 213-215 (S.D.N.Y. 2009) (Lynch, J.). It is equally plausible, drawing only from the sparse allegations in the AC, that the LTLS software licensed to RHCR is an unregistered derivative work of one or both of the registered copyrighted works, which would be insufficient to support a viable claim for infringement. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a precondition to filing a claim.").[3]

---

[2] Plaintiff's opposition papers assert that the LTLS software is identical to the work copyrighted in the Landlord & Tenant Copyright. (Docket entry no. 57, at p. 6.) In support of that assertion, which is not found anywhere in the AC, Plaintiff cites a fact affidavit of James J. Traina (docket entry no. 58), which does not support the assertion in Plaintiff's brief: the affidavit explicitly states that "the software used (and copied) by the defendants contained some modifications from the software we registered" (id. at ¶ 60). This further highlights the untenable ambiguities in the AC regarding the asserted registered copyright and the nature of Defendants' alleged copying.

[3] Indeed, Plaintiff indicates that the LTLS software is a derivative work of the L&T Copyright in its opposition papers. (Docket entry no. 57, at p. 7.) As Plaintiff acknowledges in that brief, a derivative work is protectable only to the extent that it contains elements identical to those in the registered preexisting work. The AC, however, does not contain any allegation that the elements of the LTLS software that were allegedly copied by Defendants were contained in identical form in the L&T Copyright (or the Landlord & Tenant Copyright).

Accordingly, because the AC does not identify with any specificity the registered copyrighted work that Defendants allegedly copied, nor proffer allegations of infringement that identify with specificity the portions of those registered works that were in fact copied by Defendants, AMSI has failed to state a claim for copyright infringement, and Count One of the AC is dismissed. In light of the dismissal of Plaintiff's sole federal claim, the Court declines to exercise supplemental jurisdiction of Plaintiff's state-law claims, and accordingly the AC will be dismissed in its entirety against Defendants. AMSI will be given leave to replead facts sufficient to demonstrate that Defendants' alleged infringement was of a work covered by a registered copyright.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the AC is granted as to each of them. AMSI may move for leave to amend by **September 15, 2017**. Its motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the individual rules of practice of the undersigned, and must be accompanied by a proposed amended complaint and a blackline of that proposed complaint against the AC. If AMSI does not file a timely motion for leave to amend, the dismissal of the AC against Defendants will be with prejudice.

SO ORDERED.

Dated: New York, New York
August 30, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge