UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

AUTOMATED MANAGEMENT
SYSTEMS, INC.,

       Plaintiff,

  -v-                                                                No. 16 CV 4762-LTS

RAPPAPORT HERTZ CHERSON
ROSENTHAL, P.C. et al.,

       Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       Plaintiff Automated Management Systems, Inc. ("AMSI") brings this action against Defendants Rappaport Hertz Cherson Rosenthal, P.C. ("RHCR"), its four named partners William Rappaport, Steven M. Hertz, Eliot J. Cherson, and Michael C. Rosenthal, and Defendant Branko Rakamaric (collectively, "Defendants") for copyright infringement, breach of contract, and unfair competition. On August 30, 2017, this Court issued a Memorandum Opinion and Order (docket entry no. 66, the "August Opinion") granting Defendants' motion to dismiss Plaintiff's Amended Complaint in its entirety. In the August Opinion, the Court granted Plaintiff permission to move for leave to file a Second Amended Complaint. (Id. at 5.) Plaintiff now moves for leave to file a proposed Second Amended Complaint (docket entry no. 83, the "SAC"). (Docket entry no. 78.) This Court has subject matter jurisdiction of Plaintiff's federal copyright infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338, and may exercise supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court has carefully considered the parties' submissions and, for the following reasons, Plaintiff's motion for leave to file a Second Amended Complaint is granted.

BACKGROUND

The following recitation of relevant facts is drawn from the SAC, the well-pleaded factual allegations of which are taken as true for purposes of the instant motion practice.[1]

AMSI develops and licenses copyrighted software products. (SAC ¶ 1.) Defendant RHCR is a law firm and a licensee of AMSI's Landlord-Tenant Legal System ("LTLS") software. (SAC ¶¶ 2, 22.) AMSI licensed its LTLS software to RHCR pursuant to a Software Subscription Agreement entered into on January 2, 2007. (SAC ¶ 9, Ex. C (the "Agreement").) RHCR has been a licensee of various versions of the LTLS software for about 25 years. (SAC ¶ 2.) In 2007, AMSI installed new software at RHCR. (SAC ¶ 3.) The software installed in 2007 was registered with the U.S. Copyright Office under registration number TX 7-232-319. (SAC ¶ 6.) Registration TX 7-232-319 is for a work titled "Landlord & Tenant Legal System" that was completed in 2007 and first published on November 1, 2007. (Id. Ex. A (the "Landlord & Tenant Copyright").) The software installed in 2007 replaced a prior software system, which was registered with the U.S. Copyright Office under registration number TX 7-232-302. (SAC ¶¶ 7-8.) Registration TX 7-232-302 is for a work titled "L&T Legal System" that was completed in 1998 and first published on September 1, 1998. (Id. Ex. B (the "L&T Copyright").) AMSI alleges that "[t]o the extent that copyrightable elements of the prior software were incorporated into" the software installed in 2007, they continue to be

---

[1] In connection with the instant motion practice, Plaintiff has submitted the affidavit of James J. Traina. (Docket entry no. 79, the "Traina Affidavit.") As explained infra, the Court evaluates the viability of a proposed pleading under the standard applicable to a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6). The consideration of factual material extrinsic to the operative pleading is improper in the context of a Rule 12(b)(6) motion, and the Court accordingly has not considered the Traina Affidavit in reaching its decision.

protected by the L&T Copyright.  (SAC ¶ 8.)  The Landlord & Tenant Copyright and the L&T Copyright were both registered on September 3, 2010.  (SAC Exs. A & B.)

In May 2016, AMSI allegedly identified improper copies of the software installed in 2007 and registered under the Landlord & Tenant Copyright on a separate server run by RHCR.  (SAC ¶¶ 10, 33.)  AMSI alleges that Defendants have been copying the software installed in 2007 since at least October 18, 2015, and that the separate server contained "numerous extracts and copies" of the software installed in 2007, including various directories, files, and data dictionaries.  (SAC ¶¶ 34-41.)  AMSI also alleges that Defendant Rakamaric, in his capacity as an information technology services provider, modified and developed a derivative of the software installed in 2007.  (SAC ¶¶ 44, 46.)  AMSI asserts that the modification and copying of the software installed in 2007 violated its copyrights in that software and constituted a breach of the Agreement.  (SAC ¶¶ 11-12, 62, 69.)

## DISCUSSION

Leave to amend should be granted freely "when justice so requires."  Fed. R. Civ. P. 15(a).  The Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility."  Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000).  A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Ballard v. Parkstone Energy, LLC, No. 06 CV 13099, 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007).  A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content plead that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Under the Rule 12(b)(6) standard, the court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  <u>Roth v. Jennings</u>, 489 F.3d 499, 501 (2d Cir. 2007).

To state a claim for copyright infringement, a plaintiff must allege: (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyright in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright.  <u>Kelly v. L.L. Cool J.</u>, 145 F.R.D. 32, 36 (S.D.N.Y. 1992).  The SAC identifies the software installed by AMSI in 2007 as the specific original work that is the subject of the copyright claim.  (SAC ¶¶ 4, 6, 7.)  AMSI alleges it is the owner of the software installed in 2007 (SAC ¶ 60), and that the software is registered both as the Landlord & Tenant Copyright (SAC ¶ 6) and, to a certain extent, as the L&T Copyright (SAC ¶ 8).  AMSI also identifies with sufficient specificity the unauthorized acts by Defendants that allegedly infringed its copyright in the software installed in 2007.  (SAC ¶¶ 34-41.)  Accordingly, AMSI has adequately pleaded a copyright infringement claim as to the software installed in 2007.

Defendant Rakamaric contends that the software installed in 2007 cannot be the same as the work registered as the Landlord & Tenant Copyright because the Landlord & Tenant Copyright was first published on November 1, 2007, and the software was installed ten months earlier, on January 2, 2007.  Rakamaric's argument misreads the SAC, which only alleges that that new software was installed "in 2007" (<u>see</u> SAC ¶ 3), and conflates the date of installation

with the date on which the Agreement related to the LTLS software was signed.[2]  Defendants also argue that all claims regarding the L&T Copyright must be dismissed because AMSI fails to identify the specific portions of the software installed in 2007 that were copied and registered under the L&T Copyright.  Although the SAC does not specifically list the elements of the L&T Copyright that were allegedly copied, it clearly limits AMSI's infringement claim to those portions of the L&T Copyright that have been incorporated into the Landlord & Tenant Copyright.  (See SAC ¶ 8.)  Thus, the Court finds that the allegations related to the L&T Copyright are specific enough to give Defendants fair notice of the claims against them.  Finally, Defendants argue that the portions of the software installed in 2007 that were copied to the separate server constitute generic, non-copyrightable software features.  This argument is also unavailing.  While it is true that elements of a computer program that have entered the public domain are not copyrightable, see Computer Associates Intern., Inc. v. Altai, Inc., 982 F.2d 693, 710 (2d Cir. 1992), a determination regarding the copyrightability of the software installed in 2007 requires a detailed factual inquiry that is not properly resolved at the pleading stage.  Because the SAC plausibly states a claim for copyright infringement with respect to the software installed in 2007, AMSI's motion for leave to file its proposed SAC is granted.

---

[2]  Although AMSI's reply brief suggests that the software installed in 2007 is the same as the LTLS software, the SAC contains no specific allegation connecting the LTLS software to the "new software" installed at RHCR in 2007.  (Compare SAC ¶¶ 1-2 with SAC ¶¶ 3-4.)  Thus, the Court treats the new software installed in 2007 as distinct from the LTLS software and does not determine at this stage whether AMSI has stated a claim for copyright infringement with respect to the LTLS software.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file the proposed Second Amended Complaint is granted. This Memorandum Opinion and Order resolves docket entry no. 78.

This action is now referred to Magistrate Judge Fox for general pre-trial management. The September 21, 2018, initial pre-trial conference before the undersigned is canceled in light of the reference to Judge Fox.

SO ORDERED.

Dated: New York, New York
July 12, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge