UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

AUTOMATED MANAGEMENT
SYSTEMS, INC.,

        Plaintiff,

     -v-                                  No.  16 CV 4762-LTS-KNF

RAPPAPORT HERTZ CHERSON
ROSENTHAL, P.C. et al.,

        Defendants.

---------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff Automated Management Systems, Inc. ("AMSI") brings this action

against Defendants Rappaport Hertz Cherson Rosenthal, P.C. ("RHCR"), its four named partners

William Rappaport, Steven M. Hertz, Eliot J. Cherson, and Michael C. Rosenthal (the

"Individual Defendants," and together with RHCR, the "RHCR Defendants"), and Defendant

Branko Rakamaric (collectively, "Defendants") for copyright infringement, breach of contract,

and unfair competition. On August 30, 2017, this Court granted Defendants' motion to dismiss

Plaintiff's Amended Complaint in its entirety. (Docket entry no. 66, the "August Opinion.") On

July 12, 2018, the Court granted AMSI's motion for leave to file a Second Amended Complaint

(docket entry no. 83,[1] the "SAC"). (Docket entry no. 97, the "July Opinion.") Before the Court

is the RHCR Defendants' motion to dismiss the SAC (docket entry no. 100), and AMSI's motion

for sanctions (docket entry no. 111). This Court has subject matter jurisdiction of Plaintiff's

---

[1]     The SAC appears in clean and blacklined versions at docket entry nos. 83 and 82, respectively. Because AMSI did not re-file a copy of the SAC on the public docket after the Court granted AMSI leave to file an amended complaint, the Court refers to these proposed versions, which shall be deemed filed, in this Memorandum Opinion and Order.

federal copyright infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338, and may exercise

supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The Court

has carefully considered the parties' submissions and, for the following reasons, the RHCR

Defendants' motion to dismiss the Second Amended Complaint is denied and AMSI's motion

for sanctions is denied.

<u>BACKGROUND</u>

The Court assumes the parties' familiarity with the background of this case,

which is laid out in detail in the August and July Opinions. (August Opinion at 2-3; July Opinion

at 2-3.)  The allegations of fact underlying AMSI's copyright infringement claim are materially

unchanged from the proposed SAC filed in connection with AMSI's motion for leave to amend,

and the Court adopts the factual recitation from the July Opinion relating to those claims.

Specifically, AMSI alleges that it licensed its Landlord-Tenant Legal System ("LTLS") software

to RHCR pursuant to a Software Subscription Agreement entered into on January 2, 2007.  (SAC

¶ 9, Ex. C (the "Agreement").)  In 2007, AMSI installed new software at RHCR.  (SAC ¶ 3.)

The SAC alleges that this new software was registered with the U.S. Copyright Office under

registration number TX 7-232-319, for a work titled "Landlord & Tenant Legal System" that was

completed in 2007 and first published on November 1, 2007.  (SAC ¶ 6, Ex. A (the "Landlord &

Tenant Copyright").)  The software installed in 2007 replaced a prior software system, which

was registered with the U.S. Copyright Office under registration number TX 7-232-302.  (SAC

¶¶ 7-8.)  Registration TX 7-232-302 is for a work titled "L&T Legal System" that was completed

in 1998 and first published on September 1, 1998.  (SAC Ex. B (the "L&T Copyright").)  AMSI

alleges that "[t]o the extent that copyrightable elements of the prior software were incorporated

into" the software installed in 2007, they continue to be protected by the L&T Copyright.  (SAC

¶ 8.)  The Landlord & Tenant Copyright and the L&T Copyright were both registered on

September 3, 2010.  (SAC Exs. A & B.)

AMSI alleges that Defendants have been copying the software installed in 2007

onto a separate server run by RHCR since at least October 18, 2015, and that Defendant

Rakamaric, in his capacity as an information technology services provider, modified and

developed a derivative of the software.  (SAC ¶¶ 34-41, 44, 46.)  AMSI alleges that Individual

Defendants Rappaport, Hertz, Cherson, and Rosenthal were personally involved in the

management of RHCR's information technology systems (SAC ¶ 52), participated in the

decision to hire Rakamaric to copy the software installed in 2007 (SAC ¶ 53), agreed to copy the

software installed in 2007 to a separate server (SAC ¶ 54), and had a direct financial interest in

copying the software installed in 2007 because they sought to avoid making further payments to

AMSI for use of the software (SAC ¶ 55).

DISCUSSION

Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough

facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007).  A proper complaint cannot simply recite legal conclusions or bare elements of

a cause of action; there must be factual content plead that "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).  Under the Rule 12(b)(6) standard, the court accepts as true the

nonconclusory factual allegations in the complaint and draws all reasonable inferences in the

plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

The RHCR Defendants raise three principal arguments in support of their motion to dismiss the SAC.  First, the RHCR Defendants argue that the SAC does not plausibly allege a claim for copyright infringement because AMSI does not allege that it has a valid copyright registration for "the software in question."  (Docket entry no. 102, Motion at 4.)  The RHCR Defendants contend that "the Landlord-Tenant System that was installed and is the subject of [the Agreement] is not registered" because the software registered with the U.S. Copyright Office under registration number TX 7-232-319 was first published on November 1, 2007, ten months before the Agreement was signed on January 2, 2007.  (Id. at 5-6.)  As the Court explained in the July Opinion, however, the RHCR Defendants' argument misreads the SAC and conflates the publication date of the new software with the date on which the Agreement was signed.  (See July Opinion at 4-5.)  In doing so, the RHCR Defendants misidentify "the software in question" and assume that the software upon which AMSI's copyright infringement claim is based is the same as the LTLS software that is the subject of the Agreement.  As the Court explained in the July Opinion, the SAC adequately pleads a copyright infringement claim as to the software installed in 2007, even though the SAC contains no specific allegations connecting the software installed in 2007 to the LTLS software that is the subject of the parties' Agreement.  (July Opinion 4-5, n.2.)

In this context, the RHCR Defendants' citation to SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F. Supp. 2d 167, 188 (S.D.N.Y. 2009) is inapposite.  In SimplexGrinnell, the court dismissed, after a trial on the merits, plaintiff's copyright infringement claims that were based upon what the court determined were unregistered

derivative versions of a registered original work.[2]  The court's decision in SimplexGrinnell is

consistent with the well-established rule in this Circuit that registration of an original work does

not automatically enable the copyright holder to bring a suit for infringement of an unregistered

work derived from the original.  Unlike the plaintiff in SimplexGrinnell, however, AMSI does

not assert a copyright infringement claim with respect to any unregistered derivative works, but

rather alleges that its rights in an original work installed in 2007 and registered under registration

number TX 7-232-319 have been infringed.  To the extent that the RHCR Defendants contend

that the software installed in 2007 is not in fact an original work, or that the software installed in

2007 is an unregistered derivative version of some other work, those defenses cannot be resolved

at the pleading stage without further factual inquiry.  Because the SAC adequately alleges a

copyright infringement claim as to the software installed in 2007, the RCHR Defendants' motion

to dismiss AMSI's copyright infringement claim is denied.

Next, the RHCR Defendants argue that all claims against the Individual

Defendants must be dismissed because the SAC does not allege a plausible theory of personal

liability.  As the RHCR Defendants acknowledge, however, corporate officers can be held

vicariously liable for copyright infringement if they had "(i) the right and ability to supervise the

infringing activity; and (ii) an obvious and direct financial interest in exploitation of copyrighted

materials."  Carell v. Shubert Organization, Inc., 104 F. Supp. 2d 236, 270 (S.D.N.Y. 2000).  The

---

[2]     Although the court in SimplexGrinnell held that it lacked subject matter jurisdiction of
these claims, the Supreme Court's later decision in Reed Elsevier, Inc. v. Muchnick, 559
U.S. 154 (2010) makes clear that registration constitutes a statutory prerequisite to suit
rather than a jurisdictional bar.  On reconsideration, the SimplexGrinnell court modified
its ruling to the extent that it found that the unregistered versions of the software at issue
were definitively derivative works, but this modification did not alter the court's ultimate
conclusion that it could not entertain infringement claims based on unregistered works.
See SimplexGrinnell LP v. Integrated Systems & Power, Inc., 642 F. Supp. 2d 206, 212
(S.D.N.Y. 2009).

SAC alleges that the Individual Defendants were personally involved in the management of RHCR's information technology systems (SAC ¶ 52), that the Individual Defendants were involved and participated in the decision to hire Rakamaric to copy the software installed in 2007 (SAC ¶ 53), that the Individual Defendants each agreed to copy the software installed in 2007 to a separate server (SAC ¶ 54), and that the Individual Defendants had a direct financial interest in copying the software installed in 2007 insofar as they sought to avoid making further payments to AMSI for use of the software (SAC ¶ 55).  The Court finds that these allegations are sufficient to allege plausibly that the Individual Defendants are vicariously liable for copyright infringement.  Accordingly, the RHCR Defendants' motion to dismiss AMSI's claims against the Individual Defendants is denied.

Finally, the RHCR Defendants argue that AMSI's common law unfair competition claim is duplicative of, and therefore preempted by, its federal copyright infringement claim.  Unfair competition claims "grounded solely in the copying of a plaintiff's protected expression are preempted by section 301 [of the Copyright Act]."  Computer Assoc's Intern. Inc. v. Altai, Inc., 982 F. 2d 693, 717 (2d Cir. 1992).  A state law claim is not preempted, however, if an "extra element" of the claim "changes the nature of the action so that it is qualitatively different from a copyright infringement claim."  Id.  Unfair competition claims based upon breaches of confidential relationships, breaches of fiduciary duties, and trade secrets satisfy the extra element test and are not preempted by the Copyright Act.  Id.  AMSI's unfair competition claim appears to be asserted under the misappropriation branch of New York's unfair competition law, which generally "protects against a defendant's competing use of a valuable product or idea created by the plaintiff through investment of time, effort, money and expertise."  Shepard v. European Pressphoto Agency, 291 F. Supp. 2d 465, 475 (S.D.N.Y. 2017)

(internal quotations omitted). The SAC alleges that the RHCR Defendants engaged in unfair competition by hiring and granting Rakamaric, who allegedly "has a side business as an information technology services provider," access to the software installed in 2007, in violation of RHCR's Agreement with AMSI. (SAC ¶¶ 25-26, 52-53.) Because this claim is predicated upon facts that are distinct from Defendants' alleged copying of the software installed in 2007 and is thus "qualitatively different" from AMSI's copyright infringement claim, the Court finds that AMSI's unfair competition claim is not preempted by federal copyright law, and denies the RCHR Defendants' motion to dismiss that claim.

Motion for Sanctions

By separate motion, AMSI seeks, pursuant to Federal Rule of Civil Procedure 11, the Court's inherent authority, and 28 U.S.C. § 1927, the imposition of sanctions in the form of an award of attorneys' fees incurred in opposing the RHCR Defendants' motion to dismiss. AMSI argues primarily that the RHCR Defendants' motion to dismiss advances "frivolous" legal arguments and raises an untimely argument already considered by this Court in the July Opinion.

Rule 11 is violated when "a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Greenberg v. Chrust, 297 F. Supp. 2d 699, 703 (S.D.N.Y. 2004) (internal quotations omitted). Rule 11 sanctions are appropriate "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 659–61 (S.D.N.Y. 1996). The test is whether the attorney's conduct was objectively reasonable at the

time the pleading was signed.  Greenberg, 297 F. Supp. 2d at 703.  Sanctions should "be imposed

carefully lest they chill the creativity essential to the evolution of the law."  Id.  Furthermore, the

imposition of sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent powers requires a

finding of bad faith.  United States v. International Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d

Cir. 1991) ("One component of a court's inherent power is the power to assess costs and

attorneys' fees against either the client or his attorney where a party has 'acted in bad faith,

vexatiously, wantonly, or for oppressive reasons.'"); see also Oliveri v. Thompson, 803 F.2d

1265, 1272 (2d Cir. 1986) ("Imposition of a sanction under § 1927 requires a 'clear showing of

bad faith.'").

        Here, it cannot be said that it was patently clear that the RHCR Defendants'

instant motion to dismiss had absolutely no chance of success, or that counsel's conduct was

objectively unreasonable or taken in bad faith.  AMSI's disagreement with the substance of the

RHCR Defendants' motion to dismiss, including the legal authorities cited therein, does not

establish that the RHCR Defendants' arguments are so frivolous or lacking in merit as to warrant

the imposition of sanctions.  Although the motion to dismiss raises an argument that the Court

had already considered in connection with AMSI's prior motion for leave to amend, the Court

does not find the argument to be so ill-conceived or devoid of a basis in law to support an award

of sanctions.  Nor has AMSI demonstrated any improper motive or bad faith by the RHCR

Defendants or their counsel in filing the instant motion to dismiss.  While it would have been

more efficient to raise these arguments in connection with AMSI's prior motion for leave to

amend, there is no evidence that the RHCR Defendants sought to delay or otherwise frustrate the

resolution of this action by filing their motion to dismiss. Accordingly, AMSI's motion for sanctions is denied.

<u>CONCLUSION</u>

For the foregoing reasons, the RHCR Defendants' motion to dismiss the Second Amended Complaint is denied and AMSI's motion for sanctions is also denied. This Memorandum Opinion and Order resolves docket entry nos. 100 and 111. This case remains referred to Magistrate Judge Fox for general pre-trial management.

SO ORDERED.

Dated: New York, New York
January 4, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge