UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUTOMATED MANAGEMENT SYSTEMS, INC.,

    Plaintiff,

-against-

RAPPAPORT HERTZ CHERSON ROSENTHAL, P.C., WILLIAM RAPPAPORT, STEVEN M. HERTZ, ELIOT J. CHERSON, MICHAEL C. ROSENTHAL, BRANKO RAKAMARIC and BEN WACHTER,

    Defendants.

Civil Action No. 16-cv-04762(LTS)(KNF)

## ~~CONFIDENTIALITY AND~~ PROTECTIVE ORDER

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26(c) that this ~~Confidentiality and~~ Protective Order shall govern the handling of any information filed with the court ~~produced or disclosed by any party or non-party (the "Producing Party") to any other party (the "Receiving Party")~~ in this Action including but not limited to computer source code, computer program contents and output, documents, tangible things, depositions, deposition exhibits, interrogatory responses, responses to document requests, responses to requests for admission, and pretrial and trial testimony.

~~Whether stored in electronic or paper form, all materials which contain or comprise a trade secret or other confidential technical, development or commercial information produced or filed with the Court or produced or served either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order.~~

1. ~~X~~ Any material filed with the Court or produced or provided by any party or non-party as part of discovery in this action may be designated by such party or non-party as

"Confidential Information. As a general guideline, ~~Confidential~~ Material designated "Confidential Information" shall be those things of a proprietary business or technical nature which might be of value to any party in this action as a potential competitor of the disclosing party or non-party holding the proprietary rights thereto and which must be protected from disclosure to any such non-disclosing party and/or third parties. Absent a specific order by this Court, such information, once designated as "Confidential Information", shall be used by the persons or entities to whom such information is disclosed solely for purposes of this action, and not for any business, patent prosecution, competitive purpose or function, and such information shall not be disclosed to anyone except as provided in this Protective Order.

3. Material designated "Confidential Information" pursuant to this Protective Order, or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to or communicated in any way only to the following persons:

(a) outside attorneys for the parties in this action, and persons working solely in secretarial, clerical and paralegal capacities and who are assisting those attorneys in this action, *including* named parties, and partners, officers and directors of a named party but no other employee of a named party;

(b) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof;

(c) those consultants or technical experts and their staffs to the extent they satisfy subsection (g) of this Paragraph and any other provisions of this Protective Order;

(d) the Court and the Court's staff;

2

(e) litigation consultants and persons who are assisting those consultants in this action; and

(f) any person to whom the Producing Party agrees in writing. No disclosure of any Confidential Material may be made to such person until written agreement is provided by the Producing Party.

(g) Those persons included in subsections (c), (e) and (f) of this Paragraph shall not be permitted access to materials or information designated "Confidential Information" unless and until they sign a written acknowledgment (in the form of the agreement attached to this Order as Exhibit A that they have read this Protective Order and agree to be bound by its terms. The Parties agree that only "disputed portions" of the parties' source code may be disclosed to non-testifying experts and/or consultants. "Disputed portions" consist of those portions of Plaintiff's source code as to which copyright infringement is claimed and corresponding portions of Defendants' source code. However, the identity of non-testifying consultants and experts included within subsections (c) and (e) need not be disclosed to opposing counsel during the pendency of this action. Instead, the signed acknowledgement shall be held in escrow by counsel for the Receiving Party so as to avoid disclosure during the pendency of this action of identifying information related to any non-testifying consultants or experts retained by the Receiving Party who may review information designated as "Confidential Information." The signed acknowledgement shall be provided to counsel for the Disclosing Party promptly upon resolution of this action.

4. Any Producing Party wishing to invoke the provisions of this Protective Order shall designate the material, or portions thereof, which he, she, or it considers confidential at the time such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected.

With respect to documents, the items produced must be marked or stamped "Confidential Information" on all pages by the Producing Party. In the case of information stored on electronic media, the items produced shall be clearly marked or stamped on the media if possible. With respect to deposition testimony, the witness under deposition or his or her counsel, and/or any counsel representing any party or non-party at the deposition, shall invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed confidential. The provisions of this Paragraph may be invoked by counsel for a witness with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition.

5. A motion to file under seal must be made before any material that has been designated "Confidential Information" may be filed with the Court.

6. Where a discovery request, subpoena or deposition question calls for otherwise discoverable information that is held by the party to whom it is directed under obligations of confidentiality owed to another, the party to whom the discovery request, subpoena or deposition question is directed shall promptly, and in all events within three (3) [for U.S.M.J.] days of receipt of the discovery request calling for such disclosure:

    (a) identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, and

    (b) provide to each such person whose confidentiality interests are implicated:

        (i) notice of its intention to disclose materials or information held under obligations of confidentiality; and

        (ii) a copy of this Protective Order.

4

The party to whom the discovery request, subpoena, or deposition question has been directed shall within ~~thirty (30)~~ ten (10) [KNF USMJ] days thereafter disclose in compliance with this Protective Order any responsive materials or information held under obligations of confidentiality to such person unless such person obtains or moves within that time for a protective order from this Court, or in the case of third parties not subject to this Court's *in personam* jurisdiction, from a court of competent jurisdiction.

7. If any information designated Confidential information [KNF USMJ] pursuant to this Protective Order is used during the course of a deposition, the portion of the deposition record reflecting such information shall be sealed and stamped with the designation "Confidential Information", and access thereto shall be limited pursuant to the other terms of this Protective Order.

8. Any individual, such as a deposition witness, trial witness, or potential witness may be shown designated materials by an attorney or unrepresented party bound by this Protective Order in the following conditions:

    (a) if the individual is identified as a signatory, author, addressee or recipient of a copy;

    (b) if the individual is a current officer, director or employee of a party and the document has been designated as confidential by that party;

    (c) if the individual is an officer, director of a party or other witness designated by a party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the document has been designated as confidential by that party;

    (d) if the individual is a former officer, director, or employee of a party and the document has been designated as confidential by that party and if it appears from the face of

the document that the individual previously had access to the document while employed by the party; or

    (e)    if the individual is a testifying expert for a party and has complied with the provisions of Paragraph 3 hereto.

A party may use its own Confidential Information to examine or cross-examine any trial or deposition witness. In no circumstances will the use of designated materials during a deposition or trial constitute a waiver of the designated status of the materials.

9. A party or non-party providing documents or information that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall have five (5) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. Within three (3) days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked items and all copies thereof. Until expiration of the aforesaid five (5) day period, all items produced, whether marked or unmarked, shall be considered and treated as "Confidential Information."

10. Counsel or any unrepresented party attending a deposition who inadvertently fails to designate any portion of the transcript pursuant to this Protective Order on the record at the deposition shall have five (5) days following mailing of the transcript by the court reporter in which to correct his or her failure. Such correction shall be made in writing with a captioned notice to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that contain confidential information, and directing the reporter to mark that portion of the transcript accordingly.

11. If at any time during the pendency or trial of this action, counsel for any party or any unrepresented party claims that information is not appropriately designated, objecting counsel or unrepresented party may serve a captioned notice of objection on all parties and other affected persons, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. If the designating party does not redesignate the material within five (5) business days after service, the objecting party may file and serve a motion for an order that the material be redesignated. The original designation shall remain effective until three (3) business days after entry of an order redesignating the materials. The Court may award sanctions on any motion concerning designation if it finds that any party's position with respect to the designation was taken without substantial justification.

12. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

13. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible in evidence for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

14. Upon termination of this action, ~~settlement or final judgment~~ including exhaustion of all appeals, the originals and all copies of Confidential Information shall be either destroyed or turned over to the party or non-party who produced such material, or to their respective counsel, within sixty (60) days of the termination, settlement or final judgment reached in this matter. However, outside counsel for the parties may retain pleadings, attorney and consultant work-

7

product, and depositions for archival purposes. If Confidential Information is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel ~~[or unrepresented party (KNF U.S.M.J.)]~~ a certification identifying when and how the destruction was performed.

15. The terms of this Protective Order relating to the non-use and non-disclosure of material designated as "Confidential Information" shall survive the termination of this action.

16. This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for modification of or relief from any of its terms.

17. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation, and in the course thereof, relying upon any Confidential Information, provided counsel does not disclose Confidential Information in a manner not specifically authorized under this Protective Order.

Dated: March 7, 2020

SO ORDERED:

/Kevin Nathaniel Fox/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUTOMATED MANAGEMENT SYSTEMS, INC.,

    Plaintiff,

-against-

RAPPAPORT HERTZ CHERSON ROSENTHAL, P.C., WILLIAM RAPPAPORT, STEVEN M. HERTZ, ELIOT J. CHERSON, MICHAEL C. ROSENTHAL, BRANKO RAKAMARIC and BEN WACHTER,

    Defendants.

Civil Action No. 16-cv-04762(LTS)(KNF)

## CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER - (EXHIBIT A)

The undersigned, _____, hereby acknowledges that he/she has read the Protective Order entered in this action by the United States District Court for the Southern District of New York on _____, 2020, and that he/she understands the terms thereof, agrees to be bound by such terms, and agrees to be subject to the jurisdiction of this Court in all matters relating to this Protective Order.

Date: _____

Signature: _____

Name: _____

Address: _____

9