UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AUTOMATED MANAGEMENT
SYSTEMS, INC.,

                        Plaintiff,

        -against-                                              **MEMORANDUM AND ORDER**

RAPPAPORT HERTZ CHERSON                              16-cv-4762 (LTS)(KNF)
ROSENTHAL, P.C., WILLIAM
RAPPAPORT, STEVEN M. HERTZ,
ELIOT J. CHERSON, MICHAEL C.
ROSENTHAL, BRANKO
RAKAMARIC, and BEN WACHTER,

                        Defendants.
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

        Plaintiff Automated Management Systems, Inc. ("AMSI") brought this action against

Rappaport Hertz Cherson Rosenthal, P.C. ("RHCR"), William Rappaport, Steven M. Hertz, Eliot

Cherson, Michael C. Rosenthal (collectively, the "Law Firm Defendants") and Branko

Rakamaric.  Thereafter, AMSI filed its Third Amended Complaint, adding defendant Ben

Wachter and seeking damages for copyright infringement, breach of contract, unfair competition,

trade secret misappropriation, and tortious interference with contract.  Docket Entry No. 170.

Before the Court are: (1) AMSI's motion pursuant to Federal Rule of Civil Procedure 36(a)(3)

for an extension of time, nunc pro tunc, until September 8, 2020, of the July 6, 2020 deadline for

responding to requests for admission, or in the alternative, to withdraw matters deemed admitted

and amend its admission responses, Docket Entry No. 204; and (2) the Law Firm Defendants'

cross-motion for a protective order pursuant to Rule 26(c) and to quash a subpoena pursuant to

Rule 45(d), Docket Entry No. 207.

1

## BACKGROUND

The Law Firm Defendants served their first requests for admission ("RFAs") on AMSI on June 1, 2020.  AMSI served its responses to the Law Firm Defendants' requests for admission on September 8, 2020.

On September 3, 2020, the time for the parties to complete discovery expired.  See Docket Entry No. 195.  On September 3, 2020, AMSI filed a letter motion for an extension of time to complete discovery and an extension of time to respond to the requests for admission. Docket Entry No. 202.  On September 14, 2020, the Court granted AMSI's motion for an extension of time to complete discovery and directed AMSI to "file a formal motion in accordance with Local Civil Rule 7.1 of this court for any relief it seeks under Fed. R. Civ. P. 36(b)."  Docket Entry No. 203.  Thereafter, AMSI filed the instant motion on September 22, 2020.  Docket Entry No. 204.

On September 25, 2020, AMSI served a subpoena on Krantz Secure Technologies ("Krantz"), information technology vendor to RHCR, seeking "backup of computer files for" RHCR including "copies of the server named RHCR-APPSRV from June 1, 2016, June 9, 2016, and September 23, 2020" and "[a]ll tickets, work orders, or other documents containing instructions from RHCR regarding the server named RHCR-APPSRV" before October 5, 2020. AMSI contends that Krantz did not produce the subpoenaed records, nor did a representative from Krantz appear on October 5, 2020, to respond to the subpoena.

The Law Firm Defendants filed the cross-motion on September 29, 2020.  Docket Entry No. 207.  The time for the parties to complete discovery expired on October 5, 2020.  See Docket Entry No. 203.

**AMSI'S MOTION**

AMSI contends that its September 8, 2020, request to admit responses should be deemed timely, either through an extension of the July 6, 2020, deadline for responding, nunc pro tunc, until September 8, 2020, or through the withdrawal of the matters deemed admitted and amendment of the responses it provided on September 8, 2020.

AMSI's motion addresses only RFA Nos. 2, 8, 25, 26, 28, 29, and 31.  RFA No. 2 asks AMSI to admit that "the documents produced by AMSI identified by bates numbers AMSI 002772-5320 represent the entire source code which was included in AMSI's copyright registration number TX 7-232-319."  AMSI contends that the documents identified by these Bates numbers correspond to the source code of a previous version of the software (the "Pre-2007 Software"), not the version that is at issue in this litigation (the "2007 Software"), which corresponds to copyright registration number TX 7-232-319.  AMSI contends that the Law Firm Defendants are aware of this, because AMSI, in a letter dated April 16, 2020, described the documents it had produced and identified these Bates numbers as corresponding to the Pre-2007 software.

RFA No. 8 seeks an admission that "No .asp extension files are included in copyright registration number TX 7-232-319."  AMSI contends that this is not true of the 2007 Software that is covered by this copyright registration, and the Law Firm Defendants know this because AMSI produced .asp files as part of the 2007 Software and provided the defendants with an "Itemized List of Disputed Portions" of software, identifying all the .asp files contained in the 2007 Software.

RFA Nos. 25 and 26 seek admissions that the "Itemized List of Disputed Portions" of software dated April 14, 2020, "sets forth all the aspects of the AMSI software which AMSI

alleges are in dispute" and "sets forth all the aspects of the AMSI software which AMSI claims were unlawfully copied by [the] defendants."  According to AMSI, it has "*repeatedly* advised defendants (and the Court) that AMSI's allegations of copying are based on its having viewed [the] defendants' accused software in 2016" and "[s]ince AMSI has not seen post-2016 versions of [the] defendants' accused software, AMSI is unable to determine whether there has been any additional copying."  AMSI maintains that it has denied these requests for admission on "many occasions."

RFA Nos. 28 and 29 seek admissions that "[a]ll of the intellectual property which AMSI alleges was wrongfully used by [the] defendants is contained in the server entitled RHCR-APPSRV" and "[a]ll of the intellectual property which forms the basis of AMSI claims in this matter is contained in the server entitled RHCR-APPSRV."  AMSI contends that it could not possibly admit to this because the server entitled RHCR-APPSRV is on the Law Firm Defendants' own computer network, which they did not produce when ordered to do so.

RFA No. 32 seeks an admission that "[a]fter June 9, 2016, the Law Firm Defendants never had access to AMSI's Landlord & Tenant System."  AMSI asserts that it has denied this repeatedly, and that the defendants copied thousands of files of the 2007 Software to the RHCR-APPSRV server in 2015-2016 and, thus, have had continuous access to these copied files since 2015.

According to AMSI, the participation of AMSI's principal, James Traina ("Traina"), was necessary to respond to the RFAs.  On July 6, 2020, AMSI's counsel informed the Law Firm Defendants' counsel that Traina was about to undergo emergency surgery and asked for an extension of time to respond to the Law Firm Defendants' "discovery requests."  AMSI contends that the Law Firm Defendants' counsel "explicitly consented and simply asked [AMSI's] counsel

to advise when Mr. Traina was sufficiently recovered." AMSI maintains that its counsel "raised this issue" with the Court during the July 8, 2020, telephone conference and explained that it might require an extension of the discovery deadline. AMSI contends that it was AMSI's "understanding that [the Law Firm Defendants' counsel] confirmed this in his letter dated July 8, 2020" and AMSI's counsel "assumed that the language to the contrary contained in [the] July 8, 2020 letter was superseded by the telephone conversation." According to AMSI, its counsel asked the Law Firm Defendants' counsel on August 24, 2020, whether responses to the RFAs could be served by September 4, 2020, as Traina had returned to work, but the Law Firm Defendants' counsel declined. AMSI served its RFA responses on September 8, 2020.

AMSI asserts that the Law Firm Defendants' RFAs were not designed to promote the truth-seeking purpose of Rule 36. AMSI contends that requests for admission are "not a discovery device meant to elicit the disclosure of information," but rather are a pretrial device intended to promote efficiency by narrowing the scope of disputed issues presented to the trier of fact. AMSI maintains that "[t]he Law Firm Defendants' RFA Nos. 2, 8, 25 and 26, 28, 29 and 32 are not designed for truth-seeking purposes" because they are "internally inconsistent, mischaracterize the documents produced in discovery, and seek admissions as to matters entirely outside AMSI's knowledge." Moreover, they seek to have AMSI admit things it has repeatedly denied, and make admissions based on the documents produced in discovery that are misidentified by the Law Firm Defendants. According to AMSI, this does not promote truth-seeking and litigation on the merits. AMSI contends that "many of the Law Firm Defendants['] RFAs appear to be targeted at harassing AMSI by forcing them [sic] to admit to the contents of evidence solely in the Law Firm Defendants' possession which has been improperly withheld by

[the defendants] in discovery and to concede essential elements of their case, both improper uses of requests for admissions."

AMSI contends that "admission requests are not an invitation to gamesmanship and deceit" and that "[c]ourts generally do not permit implied admissions arising from belated responses to RFAs (or failures to respond) to stand where such RFAs relate to subject matter that had already been denied [or] was in the requesting party's possession."

According to AMSI, "the presentation of this action's merits would be greatly served by permitting withdrawal and amendment" of the matters deemed admitted.  AMSI contends that the decision to allow implied admissions to be withdrawn or amended is within the Court's discretion, and the Court should look to "whether withdrawal or amendment would promote the presentation of the action's merits and whether prejudice would result from permitting the withdrawal or amendment.  AMSI contends that some of the implied admissions, such as RFA No. 2, go to the "ultimate issues" in this litigation and that "no meaningful 'presentation on the merits' of this action . . . would be possible" unless the implied admissions are allowed to be amended or withdrawn.  Less dispositive admissions should also not be implied, as this distorts reality.

AMSI contends that the Law Firm Defendants cannot show that they would be prejudiced by having the September 8, 2020, responses deemed timely.  AMSI asserts that the operative question is whether the requesting party is prejudiced in its ability to "maintain or defend the action on the merits."  AMSI contends that the Law Firm Defendants would not be prejudiced in their ability to maintain or defend the case on the merits, because some of the RFAs are based on a misidentification of the copyright corresponding to the 2007 Software and the Law Firm Defendants were well aware of this.  AMSI maintains that "[n]o prejudice can possibly befall the

Law Firm Defendants since the subject matter of the admission requests has already been denied, addressed in discovery and/or contained in documents produced in discovery five months ago and/or which the Law Firm Defendants have improperly withheld." In a footnote to its memorandum of law, AMSI notes that the Court may consider whether the party requesting relief from deemed admissions had good cause to delay in responding to the requests to admit, but is not required to do so; nevertheless, AMSI contends that it meets the good cause standard.

AMSI maintains that, while it has been "diligent in discovery," the defendants have put up roadblocks and, after months of discovery, "produced only a small 'trickling' of documents under the demonstrably false and frivolous representation that there [sic] have no more documents or are still 'looking'."

### THE LAW FIRM DEFENDANTS' OPPOSITION TO AMSI'S MOTION[1]

The Law Firm Defendants contend that under the clear terms of Rule 36(a)(3), AMSI's failure to respond to the RFAs within 30 days results in an admission. According to the Law Firm Defendants, AMSI did not seek or obtain an extension of the deadline to respond to the RFAs; instead, it attempted to respond after the fact discovery deadline had passed. Moreover, AMSI has neither supplied an affidavit from Traina setting forth the circumstances of his illness, nor explained why its counsel failed to communicate with the other parties to this action for months. The Law Firm Defendants contend that AMSI did not seek any relief regarding the unanswered RFAs during the telephone conference with the Court on July 8, 2020, and their counsel did not agree to any extension of time respecting the RFA responses or the discovery deadline, via a telephone call or otherwise. Further, on July 8, 2020, the Law Firm Defendants

---

[1] The Law Firm Defendants contend that AMSI violated Local Rule 37.2 and Individual Rule 2A of the Court by failing to submit a joint letter and seek a pre-motion conference. However, the Court explicitly directed AMSI to "file a formal motion in accordance with Local Civil Rule 7.1 of this court for any relief it seeks under Fed. R. Civ. P. 36(b)." See Docket Entry No. 203. Accordingly, this contention is meritless.

served AMSI's counsel with two letters that specifically referenced the unanswered RFAs. AMSI did not respond to these letters or take further action regarding the RFAs.

The Law Firm Defendants note that, since AMSI only addresses RFA Nos. 2, 8, 25, 26, 28, 29, and 32 in its motion, all other RFAs must be deemed admitted.  With regard to RFA Nos. 2, 25, 26, 28, and 29, the Law Firm Defendants maintain that AMSI's responses contradict statements in the sworn affidavits by its president, Traina.  The Law Firm Defendants contend that in AMSI's proposed response to RFA No. 2, it "tries to introduce new theories of liability by arguing, for the first time, that it may find 'additional portions of its program' that have been infringed," contradicting Traina's sworn statements which set forth precisely the aspects of the AMSI software he claims were copied.  Moreover, AMSI asserts that RFA No. 2 "misidentifies" the software at issue; however, in its proposed response, AMSI does not assert that documents referenced in RFA No. 2 pertain to the copyright filing corresponding to the Pre-2007 Software.

The Law Firm Defendants assert that AMSI's proposed responses to RFA Nos. 25 and 26 contradict prior statements of AMSI's president and counsel, because the parties have agreed that the Itemized List of Disputed Portions of software are the only items in dispute in this action. The Law Firm Defendants contend that AMSI's proposed responses to RFA Nos. 28 and 29 constitute a "fishing expedition" in which AMSI improperly tries to "expand its allegations and the scope of discovery at this late date by claiming that it should be permitted to identify additional disputed portions" of software.  According to the Law Firm Defendants, AMSI's proposed responses to RFA Nos. 8 and 32 are "evasive and contrary to the evidence."

The Law Firm Defendants assert that, by not seeking or obtaining an extension of time to respond to the RFAs, AMSI has failed to demonstrate "excusable neglect," the standard for obtaining relief for failing to meet a deadline under Federal Rule of Civil Procedure 6(b)(1)(B).

The Law Firm Defendants maintain that they would be unfairly prejudiced were AMSI's proposed RFA responses deemed timely, because the responses contradict Traina's affidavits and seek to expand the scope of discovery improperly.

## AMSI'S REPLY

AMSI maintains that the Law Firm Defendants' counsel explicitly consented to an extension of time for AMSI to respond to the Law Firm Defendants' outstanding discovery requests on the telephone prior to the Court joining the July 8, 2020, telephone conference. According to AMSI, the only outstanding discovery requests at that time were the requests for admission.  AMSI contends that its counsel "did not immediately look at his July 8 letters and when [he] did at a later date, [he] assumed they were superseded by [the] conversation" counsel had on July 8, 2020.

Furthermore, AMSI asserts that the parties have not agreed to limit discovery to the "disputed portions" of their respective software.  Rather, their agreement was to exchange voluntarily only the "disputed portions" of their respective software.  AMSI contends that, on July 9, 2020, the Court ordered the defendants to provide AMSI the software and access to the server.  AMSI maintains that, "[t]hough caught red handed in June 2016, that did not end the defendants' access to AMSI's copied program and most certainly did not end the copying."

AMSI contends that the Law Firm Defendants mischaracterized the copyrighted software in RFA Nos. 2, 6, and 8.  The Bates-number ranges referenced in RFA No. 2 do not correspond to the 2007 Software, which is the software whose copyright is at issue in this case.  AMSI contends that no merit exists to the Law Firm Defendants' argument that AMSI's response to RFA No. 2 does not mention that the Bates numbers were incorrect; AMSI denied RFA No. 2, and the extra detail provided was "offered for the Law Firm Defendants' convenience."  AMSI

appears to concede that it did not realize that the Bates numbers were incorrect when it responded to the RFAs on September 8, 2020.  AMSI argues that the Law Firm Defendants misidentified the copyrighted software in RFA Nos. 6 and 8.  Importantly, while the Pre-2007 Software does not contain any ".asp" files, the 2007 Software does, and many of the "disputed portions" of the software which AMSI claims were infringed by the defendants are ".asp" files. AMSI maintains that the Bates-number ranges corresponding to the 2007 Software and the Pre-2007 Software were correctly identified in its April 16, 2020, letter to the defendants.

### THE LAW FIRM DEFENDANTS' CROSS-MOTION

The Law Firm Defendants cross-move for: 1) a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, barring further discovery in this action; and 2) an order, pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, quashing a subpoena seeking material from Krantz.  The subpoena seeks "backup of computer files for" RHCR including "copies of the server named RHCR-APPSRV from June 1, 2016, June 9, 2016, and September 23, 2020" and "[a]ll tickets, work orders, or other documents containing instructions from RHCR regarding the server named RHCR-APPSRV."  The Law Firm Defendants assert that this subpoena is improper because it seeks disclosure of protected matters such as "business data" and "creates undue burden because the subpoena seeks irrelevant or unnecessary materials."  The Law Firm Defendants contend that the request is overly broad because it seeks a copy of the server from September 23, 2020, long after the copying allegedly occurred. Moreover, according to the Law Firm Defendants, "tickets, work orders, or other documents" are irrelevant to this action and a request for such items is unduly burdensome.

**AMSI'S OPPOSITION TO THE LAW FIRM DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER AND TO QUASH SUBPOENA**

AMSI asserts that the Law Firm Defendants' cross-motion is procedurally deficient because the Law Firm Defendants failed to include the certificate required by Federal Rule of Civil Procedure 26(c), and the Law Firm Defendants did not confer or attempt to confer with AMSI prior to filing the motion.  AMSI repeats its contention that no agreement existed in 2016 to limit discovery to the "disputed portions" of the parties' respective software, but only an agreement that the parties would voluntarily exchange only the disputed portions.  AMSI maintains that the dispute over production of the RHCR-APPSRV server was previously presented to the Court and resolved during the July 8, 2020 telephone conference, when the Court ordered the defendants to produce, inter alia, their RHCR-APPSRV server.  According to AMSI, the defendants have not complied with that order; they have merely made a "sham offer to allow AMSI a mere 3-hour window to remotely inspect (but not copy) sophisticated computer programs and *thousands* of computer files," during a time when they were aware that AMSI's principal was not available to review the files due to a medical emergency.  AMSI contends that any imputed admissions do not provide a basis for a protective order precluding further discovery.  AMSI denies the Law Firm Defendants' assertion that this action is abusive or frivolous; thus, a protective order is not warranted.

AMSI contends that Federal Rule of Civil Procedure 45 provides no grounds for quashing the subpoena it served on Krantz.  AMSI notes that Krantz neither appeared nor produced the subpoenaed records.  The subpoena seeks a copy of the RHCR-APPSRV server, which the Law Firm Defendants were required to produce by the Court's July 9, 2020, order. The Law Firm Defendants have not identified any privileged or confidential information on the server that could provide the basis for quashing it, and have not asserted any objections to the

production of the server based on privilege or any other ground set forth in Rule 45.  AMSI

contends that a copy of the server from 2020 and "tickets, work orders, or other documents" are

highly relevant to determine whether the Law Firm Defendants met their obligation under

AMSI's preservation notice served in June 2016.

## THE LAW FIRM DEFENDANTS' REPLY

The Law Firm Defendants contend that AMSI has caused delays in the proceedings and

must not be granted any more time to conduct discovery.  According to the Law Firm

Defendants, AMSI failed to respond to the offer of a three-hour window to inspect the server, did

not make any further effort to inspect the server, and did not communicate with any parties for

nearly two months, during which time the time permitted for fact discovery expired twice.  The

Law Firm Defendants maintain that AMSI's allegation of additional copying after 2016 is

specious.  The Law Firm Defendants urge the Court to quash the subpoena because it seeks

improperly documents protected by the attorney-client privilege, as the servers contain all

RHCR's client files; moreover, the subpoena is "unduly overbroad and unnecessary."

## LEGAL STANDARD

Federal Rule of Civil Procedure 36(a)(1) provides that

[a] party may serve on any other party a written request to admit, for purposes of the
pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness
of any described documents.

If the party to whom the request to admit is directed does not object or answer within 30 days,

the request is deemed admitted.  See Fed. R. Civ. P. 36(a)(3).  "A shorter or longer time for

responding may be stipulated to under Rule 29 or be ordered by the court."  Fed. R. Civ. P.

36(a)(3).  The Court has discretion to permit admissions to be withdrawn or amended "if it

would promote the presentation of the merits of the action and if the court is not persuaded that it

would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).  Thus, "[t]he court has the power to make exceptions to the rule only when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir. 1983) (overruled on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133-34, 108 S. Ct. 1677, 1681-84 (1988)).  No requirement exists that the party seeking an exception show that its delay was due to excusable neglect.  See River Light V, L.P. v. Lin & J Int'l, Inc., 299 F.R.D. 61, 64 (S.D.N.Y. 2014); Charles Alan Wright & Arthur R. Miller, et al., 8B Fed. Prac. & Proc. Civ. § 2257 (3d ed. 2013) ("Though some of the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, a test generally appropriate under Rule 6(b)(1)(B) for enlargement of time after the period has expired, it would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally.")  The purpose of Rule 36 is "to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 42 (S.D.N.Y. 1997).

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that a party from whom discovery is sought may move for a protective order. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena when it, inter alia, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  In addition, a court may quash a subpoena when it requires the disclosure of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(d)(3)(B).

## APPLICATION OF LEGAL STANDARD

*AMSI'S Motion*

AMSI does not dispute that it served its answers to the RFAs after the 30-day time period for response mandated by Fed. R. Civ. P. 36(a)(3) had passed.  AMSI allowed the deadline for responding to the RFAs to expire without seeking an extension of the response deadline from the Court.  Therefore, the RFAs are deemed admitted, unless the Court finds that allowing a late response would aid the presentation of the merits of this action, and no prejudice would result to the Law Firm Defendants' ability to defend this action on the merits.  In conducting its analysis, the Court need not consider excusable neglect on the part of AMSI, as Rule 36(b) does not require AMSI to show excusable neglect.

In its memorandum of law in support of its motion, AMSI makes arguments concerning its responses to RFA Nos. 2, 8, 25, 26, 28, 29, and 32.  AMSI does not address the remainder of its responses.[2]  Accordingly, the remaining RFAs are deemed admitted.  RFA Nos. 2, 8, 25, 26, 28, 29, and 32 are addressed in turn below.

---

[2] In its reply brief, AMSI addresses its response to RFA No. 6.  However, the Court need not consider arguments made for the first time in a reply brief.  See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 100 n.16 (2d Cir. 2007) (declining to consider an argument raised for the first time in a reply).  Therefore, RFA No. 6 is deemed admitted.

In its proposed responses, AMSI denied RFA No. 2, which requested that AMSI admit that "the documents produced by AMSI identified by Bates numbers AMSI 002772-5320 represent the entire source code which was included in AMSI's copyright registration number TX 7-232-319."  AMSI's claims stem from alleged copying by the defendants of the software corresponding to copyright registration number TX 7-232-319.  See Third Amended Complaint, Docket Entry No. 170.  Therefore, allowing AMSI to amend its response to RFA No. 2 to the response it served on September 8, 2020, would aid in the presentation of the merits of this action.  See River Light V, L.P., 299 F.R.D. at 64 (allowing withdrawal and amendment of deemed admissions that "go to the ultimate issues in this litigation.")  The Law Firm Defendants have not established that the amendment will prejudice their ability to defend this action on the merits, particularly as AMSI identified the documents in this Bates-number range as the source code of the Pre-2007 software in its April 16, 2020 letter accompanying its document production. The Law Firm Defendants contend that AMSI does not address the incorrect Bates-number range in its proposed response to RFA No. 2, and AMSI appears to concede that it overlooked the error when it made its September 8, 2020, responses.  Nevertheless, the standard set out in Rule 36(b) is met, and the Court finds that allowing AMSI to amend its response to RFA No. 2 to that which it served on September 8, 2020, is appropriate.  AMSI's response to RFA No. 8 should be amended to that which it served on September 8, 2020, for the same reasons.

In its responses, AMSI denied RFA Nos. 25 and 26, which requested that AMSI admit that the "Itemized List of Disputed Portions" of software provided by AMSI on April 14, 2020, "sets forth all the aspects of the AMSI software which AMSI alleges are in dispute in this litigation" and "sets forth all the portions of the AMSI software which AMSI claims were unlawfully copied by defendants in this matter."  AMSI contends that because it has not seen the

defendants' accused software since 2016, it does not know whether there has been more copying since that date.  The Law Firm Defendants maintain that the parties have agreed that the items on the Itemized List of Disputed Portions of software are the only matters in dispute in this action.  However, the Itemized List of Disputed Portions of software states that "[b]elow is a list of *some* disputed AMSI L&T Alerts programs and ASP scripts . . ." (emphasis added).  The Court finds that the Law Firm Defendants have not shown that they will be prejudiced in their ability to defend themselves on the merits in this action were AMSI's responses to RFAs Nos. 25 and 26 to be amended to those which were served on September 8, 2020.  Moreover, presentation of this case on its merits would be aided by allowing amendment of AMSI's responses to RFA Nos. 25 and 26.  Therefore, AMSI's responses to RFA Nos. 25 and 26 are amended to those which it served on September 8, 2020.

AMSI denied RFA Nos. 28 and 29, which request that AMSI admit that "[a]ll of the intellectual property which AMSI alleges was wrongfully used by defendants is contained in the server entitled RHCR-APPSRV" and "all of the intellectual property which forms the basis of AMSI's claims in this action is contained in the server entitled RHCR-APPSRV."  AMSI maintains that it cannot make the admissions sought, as the RHCR-APPSRV server is on the Law Firm Defendants' computer network.  The Law Firm Defendants contend that in denying the requested admissions, AMSI seeks improperly to expand the scope of discovery at this late date in the litigation.  However, discovery in this case is now closed; as the parties were granted four extensions of the discovery deadline (see Docket Entry Nos. 190, 195, 196, and 203) and have had ample time to complete discovery, there appears to be no need for discovery to be reopened.  Moreover, because the server is on the Law Firm Defendants' computer network, to

which AMSI does not have access, the presentation of this case on the merits would be aided by allowing AMSI to amend its response to that served on September 8, 2020.

AMSI denied RFA No. 32, which requested that AMSI admit that, "[a]fter June 9, 2016, the Law Firm Defendants never had access to AMSI's Landlord & Tenant System." In its response, AMSI asserts that "the Law Firm Defendants could have restored and used a backup copy of AMSI's Landlord & Tenant System" after this date. The Law Firm Defendants contend that allowing this response would prejudice them as it would permit AMSI to conduct "essentially limitless discovery." However, as noted above, there appears to be no need for discovery to be reopened; accordingly, the Law Firm Defendants have not established that allowing this amendment would prejudice them. Moreover, the heart of AMSI's claims is that the defendants copied its Landlord & Tenant software and, therefore, still have access to these copied files; thus, allowing AMSI's denial to stand will aid in the presentation of this case on the merits. Accordingly, AMSI's response to RFA No. 32 is amended to that served on September 8, 2020.

In summary, AMSI's responses to RFA Nos. 2, 8, 25, 26, 28, 29, and 32 are amended to those served on September 8, 2020. The remaining RFAs are deemed admitted.

### The Law Firm Defendants' Cross-Motion

The Law Firm Defendants move for a protective order barring further discovery in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) requires that a motion for a protective order "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The Law Firm Defendants have not provided such a certification. Accordingly, the Law Firm Defendants' motion for a protective order is denied.

Pursuant to Federal Rule of Civil Procedure 45(d)(3), the Law Firm Defendants move to quash a subpoena served on Krantz on September 25, 2020, seeking "copies of the server named RHCR-APPSRV from June 1, 2016, June 9, 2016, and September 23, 2020" and "[a]ll tickets, work orders, and other documents containing instructions from Rappaport, Hertz, Cherson, Rosenthal, P.C., regarding the server named RHCR-APPSRV" before October 5, 2020. According to AMSI, Krantz did not produce the subpoenaed records, nor did a representative from Krantz appear on October 5, 2020.

The Law Firm Defendants contend that the subpoena "improperly seeks disclosure of protected matters and commercial information as it seeks disclosure of RHCR's business data and creates undue burden because the subpoena seeks irrelevant or unnecessary materials" and "delves into RHCR's confidential data and causes disruption to RHCR's business." The Law Firm Defendants also contend that the request for a copy of the server from 2020 is overly broad, as is the request for "tickets, work orders, or other documents" regarding the server.

The Court ruled that the RHCR-APPSRV server is discoverable when it ordered the defendants to provide access to the RHCR-APPSRV server during the July 8, 2020 telephone conference and memorialized that directive in a written order on July 9, 2020. See Docket Entry No. 196. The Law Firm Defendants have not identified any privileged or confidential matter contained in the server that would warrant protection under Rule 45(d)(3); while they suggest in their reply that the server contains documents protected by the attorney-client privilege, they have submitted no evidence to support this claim of privilege. The Law Firm Defendants do not identify any other form of undue burden that production of the server places on Krantz. Moreover, Krantz has not submitted evidence, by affidavit or otherwise, showing that complying with the subpoena is burdensome. Accordingly, the Law Firm Defendants have failed to

establish that the subpoena is improper or that complying with it would be unduly burdensome

for Krantz.  The Law Firm Defendants have likewise failed to establish that there is a basis under

Rule 45(d)(3) to quash the subpoena for a copy of the server from 2020 and for "tickets, work

orders, or other documents" regarding the server.  Accordingly, the Law Firm Defendants'

motion to quash is denied.

## CONCLUSION

For the foregoing reasons, AMSI's motion to amend its RFA responses to those it served

on September 8, 2020, Docket Entry No. 204, is granted as to RFA Nos. 2, 8, 25, 26, 28, 29, and

32, and denied respecting all other RFAs.  The Law Firm Defendants' cross-motion, Docket

Entry No. 207, is denied.

Dated: New York, New York                              SO ORDERED:
      January 12, 2021

                                                 _Kevin Nathaniel Fox_
                                          KEVIN NATHANIEL FOX
                                          UNITED STATES MAGISTRATE JUDGE