UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
AUTOMATED MANAGEMENT
SYSTEMS, INC.,

                Plaintiff,

        -against-                        **MEMORANDUM AND ORDER**

RAPPAPORT HERTZ CHERSON            16-CV-04762 (LTS)(KNF)
ROSENTHAL, P.C., WILLIAM
RAPPAPORT, STEVEN M. HERTZ,
ELIOT J. CHERSON, MICHAEL C.
ROSENTHAL, BRANKO
RAKAMARIC, and BEN WACHTER,

                Defendants.
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       Plaintiff Automated Management Systems, Inc. ("AMSI") brought this action against

Rappaport Hertz Cherson Rosenthal, P.C. ("RHCR"), William Rappaport, Steven M. Hertz, Eliot

Cherson, Michael C. Rosenthal (collectively, the "Law Firm Defendants"), and Branko

Rakamaric ("Rakamaric"). Thereafter, AMSI filed its Third Amended Complaint, adding

defendant Ben Wachter ("Wachter") and seeking damages for copyright infringement, breach of

contract, unfair competition, trade secret misappropriation, and tortious interference with

contract. See Docket Entry No. 170. Before the Court is AMSI's motion for discovery sanctions

pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent powers. See Docket

Entry No. 261. The defendants oppose the motion.

## RELEVANT PROCEDURAL HISTORY

       On July 8, 2020, the Court held a telephonic conference with the parties. On July 9,

2020, the Court issued a written order memorializing the directives given during that conference.

See Docket Entry No. 196.  Through this order, "[c]onsistent with the discussion had during the conference," the defendants were directed to "provide to the plaintiff operational versions of their software"; "provide access to their server, as soon as practicable"; and "supplement their response to the plaintiff's request for communications exchanged by the defendants relating, inter alia, to landlord-tenant law practice management software."

On August 25, 2020, the Law Firm Defendants filed a letter motion seeking a protective order, contending, inter alia, that "discovery of Law Firm Defendants' computer system" is "unnecessary and unduly burdensome."  Docket Entry No. 197.  This letter motion was denied by the Court on September 2, 2020.  See Docket Entry No. 199.  On September 29, 2020, the Law Firm Defendants filed a motion for a protective order and to quash a subpoena served upon Krantz Secure Technologies ("Krantz"), seeking "copies of the server named RHCR-APPSRV from June 1, 2016, June 9, 2016, and September 23, 2020" and "[a]ll tickets, work orders, or other documents containing instructions from Rappaport, Hertz, Cherson, Rosenthal, P.C. regarding the server named RHCR-APPSRV."  Docket Entry No. 207.   This motion was denied by the Court on January 12, 2021.  See Docket Entry No. 232.

On October 14, 2020, the Law Firm Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  See Docket Entry No. 217.  In response to that motion, on January 16, 2020, AMSI filed a motion for an order, under Federal Rule of Civil Procedure 56(d), "adjourning or denying the Law Firm Defendants' Motion for Summary Judgment Pending the Completion of Fact Discovery."  Docket Entry No. 233.  Both motions are pending before the assigned district judge.

On February 4, 2021, the parties filed a joint letter concerning AMSI's intention to seek discovery sanctions.  See Docket Entry No. 245.  On February 11, 2021, AMSI was directed to file its sanctions motion.  See Docket Entry No. 251.

## AMSI'S MOTION

AMSI seeks discovery sanctions against the defendants for the: (1) defendants' failure to produce the server named "RHCR-APPSRV," in violation of the Court's July 9, 2020 order that they do so; (2) defendants' failure to produce "operational versions of their software," in violation of the Court's July 9, 2020 order that they do so; (3) defendants' failure to produce "documents relating to the licensing, sale, and use of the Rakamaric Software"; and (4) defendants' failure to appear for depositions.

AMSI contends that sanctions are appropriate for the defendants' failure to produce the RHCR-APPSRV server because they are "indisputably in control" of the server.  AMSI maintains that Krantz is a service provider retained by the Law Firm Defendants, and backup copies of the server housed by Krantz are thus in the Law Firm Defendants' "possession and control."  AMSI contends that the defendants had a culpable state of mind, as they were served with AMSI's request for the server in August 2019 and were aware of the Court's July 9, 2020 order that the server be produced yet did not comply with it.  According to AMSI, the defendants did not indicate that they would not interfere with Krantz's production of the server via subpoena until the Court had directed AMSI to file the instant motion for sanctions, which is evidence of their bad faith.

AMSI contends that Rakamaric and Wachter developed the Rakamaric Software, and the Law Firm Defendants are licensees of the software; therefore, all defendants have possession and control over an operational version of the software.  However, the defendants did not produce an

operational version of the software, despite the Court's July 9, 2020 order that they do so. AMSI contends that the defendants also did not produce documents "relating to the licensing, sale, use, and revenues and development costs associated with the Rakamaric Software," which are "clearly responsive to AMSI's discovery requests and the July 9, 2020 [order]."

AMSI contends that it served notices on all the defendants for their respective depositions, yet the defendants did not appear and, instead, "hid behind the Law Firm Defendants' frivolous motion for a protective order." When that motion was denied by the Court, the Law Firm Defendants refused to appear for deposition on the ground that discovery was closed.

AMSI maintains that severe sanctions are warranted because the defendants have engaged in a pattern of noncompliance with respect to discovery, evidencing their bad faith. AMSI requests that a default judgment be entered against the defendants to remedy their discovery abuses. In the event that the Court determines that lesser sanctions are warranted, AMSI requests that the Court: (1) "award AMSI its fees and costs in seeking the withheld evidence (including opposing the Law Firm Defendants' motion for protective order and to quash and summary judgment motion)"; (2) strike the Law Firm Defendants' summary judgment motion; and (3) make "adverse factual findings," including that:

> (1) Defendants replicated in the Rakamaric Software all the Subsystems of AMSI's [Landlord-Tenant Legal System ("LTLS")] Software found by AMSI in June 2016 to have been copied by Defendants from AMSI's LTLS Software to the Secret Server RHCR-APPSRV (including AMSI's Expired Rent Demands Subsystem, AMSI's Expired Petitions Subsystem, and AMSI's Trial Letter Subsystem). . . .
>
> (2) Defendants copied additional material from the database of AMSI's LTLS Software beyond that found by AMSI in June 2016 to have been copied by Defendants from AMSI's LTLS Software to the Secret Server RHCR-APPSRV. . . .
>
> (3) Defendants replicated in the Rakamaric Software the additional features of AMSI's LTLS Software identified in ¶¶ 10-11 of the [James] Traina [("Traina")] Reply Declaration, dated February 16, 2021 [ECF 256]. . . .

(4) Defendants['] infringement was willful. . . .

(5) All partners of Rappaport Hertz Cherson Rosenthal, P.C. named as parties were personally involved in, directed, and profited from the infringing activities. . . .

([6]) Defendants are jointly and severally liable to AMSI. . . .

([7]) Precluding Defendants from deducting costs from an award of profits for their infringing activities. . . .

([8]) As a component of actual damages for copyright infringement against Defendants Rakamaric and Wachter, AMSI is entitled to the monthly license fees it would have received from all customers of the Rakamaric Software since 2010 (when Mr. Rakamaric admits he first invaded AMSI's program and duplicated its data dictionary) through the present (and continuing through entry of final judgment in this action), including but not limited to Rogers Wughalter and Kaufman, Heiberger & Associates, and RHCR.

([9]) In the event AMSI is awarded damages for copyright infringement in the form of the Law Firm Defendants' profits from use of the Rakamaric Software, AMSI is entitled to rely on the average annual revenues generated by RHCR through use of AMSI's *LTLS* Software to determine the amount of such profits.

In support of the motion, AMSI submitted a memorandum of law and the declaration of its counsel, Bruce D. Katz ("Katz"), with: Exhibit A, Defendant Rappaport Hertz Cherson Rosenthal, P.C.'s Objections and Responses to Plaintiff's First Set of Requests for Production; Exhibit B, Defendant Branko Rakamaric's Responses to Plaintiff AMSI First Request for Production of Documents; Exhibit C, June 9, 2016 letter to attorneys affiliated with the Law Firm Defendants by Paul T. Shoemaker; Exhibit D, June 26, 2020 letter to the Court by Bruce D. Katz; Exhibit E, July 9, 2020 court order; Exhibit F, September 22, 2020 subpoena directed to Krantz Secure Technologies; Exhibit G, September 17, 2020 Bruce Katz email message to Alexander Saunders, Branko Rakamaric, Edward O'Gorman and Paul Hoffman; Exhibit H, January 21, 2021 letter to Messrs. Saunders, Rakamaric, and O'Gorman by Bruce D. Katz; Exhibit I, February 4, 2021 letter to Hon. Kevin Nathaniel Fox by Bruce D. Katz; and Exhibit J, February 12, 2021 letter to Bruce Katz, Esq. by Alexander X. Saunders.

## THE LAW FIRM DEFENDANTS' OPPOSITION

The Law Firm Defendants contend that sanctions are not warranted. According to the Law Firm Defendants, the instant motion is improper because it is duplicative of AMSI's Fed. R. Civ. P. 56(d) motion, which is pending before the assigned district judge. In that motion, AMSI seeks remedies, which include a continuance to conduct additional discovery. Moreover, the Law Firm Defendants maintain that harsh discovery sanctions that are case dispositive, such as an entry of a default judgment or findings of fact that have the effect of a default judgment, are not within the jurisdiction granted to a magistrate judge by 28 U.S.C. § 636(b).

According to the Law Firm Defendants, they abided by the Court's orders. The Law Firm Defendants assert that they made good-faith efforts to provide AMSI an operational review of the Rakamaric software, by offering, on July 8, 2020, to make the system available for inspection, but AMSI never followed up to schedule the inspection. The Law Firm Defendants contend that "AMSI served its notices of deposition on August 25, 2020, just a few weeks before the close of discovery, and thereafter took no further action to proceed with the depositions" and that the Law Firm Defendants were "prepared to appear at a mutually agreeable time." The Law Firm Defendants maintain that AMSI never made a motion to compel the depositions, nor was any court order issued compelling the depositions. Therefore, according to the Law Firm Defendants, sanctions arising from the Law Firm Defendants' failure to appear for depositions are unavailable. Further, the Law Firm Defendants maintain that the Law Firm Defendants have no specialized knowledge regarding software; thus, the fact that they were not deposed is harmless. The Law Firm Defendants claim that the server is being produced by Krantz, and "the record is devoid of any evidence that the Law Firm Defendants impeded access to the RHCR-APPSRV server." In addition, according to the Law Firm Defendants, AMSI had access to the

RHCR-APPSRV server and the Rakamaric Software in "May and June 2019," when AMSI's principal, Traina, investigated the server and captured screenshots of the software and server, as Traina has detailed in several affidavits, most recently, in his affidavit submitted in opposition to the Law Firm Defendants' motion for summary judgment, which appears at Docket Entry No. 236. Therefore, according to the Law Firm Defendants, AMSI did not legitimately lack access to the software or server. Further, the Law Firm Defendants contend that it would not have been possible for any additional duplication of the software after June 2016, when AMSI shut down the Law Firm Defendants' computer system and erased all its files. The Law Firm Defendants assert that all other responsive documents have been produced, including "documents related to costs of installation of the Rakamaric Software and all communications regarding the installation."

According to the Law Firm Defendants, drastic sanctions such as entry of default or making findings of fact on ultimate issues that would have the same effect as an entry of default are improper, due to the strong preference in this judicial circuit for resolving disputes on their merits. The Law Firm Defendants maintain that these harsh sanctions are improper in the circumstances of this case, because the Law Firm Defendants lack the requisite culpability. The Law Firm Defendants maintain that they did not act in bad faith because they offered to make their computer server available for inspection, but AMSI did not follow up prior to the Law Firm Defendants' motion for a protective order. The Law Firm Defendants contend that the Court's January 12, 2021 Memorandum and Order "held that discovery had ended on October 5, 2020," which excused them from any outstanding discovery obligations. The Law Firm Defendants contend that lesser sanctions are available in this case, such as an extension of time to complete discovery. The Law Firm Defendants maintain that AMSI's proposed findings of fact are not

warranted because they are contrary to "the established facts of this matter" and AMSI's admissions made under Rule 36 of the Federal Rules of Civil Procedure. Moreover, the Law Firm Defendants assert that AMSI failed to appear for its own deposition and did not provide operational access to its software; therefore, AMSI cannot seek discovery sanctions when it failed to satisfy its discovery obligations.

In support of their opposition to the motion, the Law Firm Defendants submitted a memorandum of law, the declaration of defendant Eliot Cherson ("Cherson"), a "founding member of the defendant law firm" and the declaration of Alexander X. Saunders ("Saunders"), their counsel, with: Exhibit 1, Defendants' First Request for Production of Documents; Exhibit 2, Notice to Take Deposition of James Traina; Exhibit 3, August 24, 2020 letter to Alexander X. Saunders, Esq. by Bruce D. Katz; Exhibit 4, August 25, 2020 Bruce Katz email message to Alexander X. Saunders, Kevin J. O'Connor, Branko Rakamaric, Edward O'Gorman and Paul Hoffman; Exhibit 5, September 17, 2020 Bruce Katz email message to Alexander X. Saunders, Branko Rakamaric, Edward O'Gorman, and Paul Hoffman; Exhibit 6, February 4, 2021 Jim Krantz email message to Bruce Katz, Alexander X. Saunders, Kevin J. O'Connor and Paul Hoffman; and Exhibit 7, March 2, 2021 Bruce Katz email message to Jim Krantz, Alexander X. Saunders, Kevin J. O'Connor, and Paul Hoffman.

## RAKAMARIC'S OPPOSITION

Through a declaration, Rakamaric contends that he has provided all documents sought by AMSI from him in this lawsuit. He maintains that he provided his entire "email alert system" to AMSI in April 2020. He asserts that AMSI's claim that it would not be possible to inspect the RHCR-APPSRV server in merely three hours is untrue. Rakamaric contends that he is available for a deposition, but AMSI did not schedule his deposition or ask for his availability to be

deposed on any dates.[1] Attached to Rakamaric's declaration are: Exhibit A, "'Email w Bruce April-May 2020' showing emails and files exchanged"; Exhibit B, "Upcoming Trial alert"; Exhibit C, "Court Appearance Maintenance Screen"; 4) Exhibit D, Plaintiff's Response to Defendant Branko Rakamaric's First Request for Production of Documents; 5) Exhibit E, Plaintiff's Response to Defendant Branko Rakamaric's First Set of Interrogatories; 6) Exhibit F, "AMSI email alert folder breakdown by file extensions"; and 7) Exhibit G, "MailerAspByOldestDate."

## WACHTER'S OPPOSITION

Through a document styled both an "affirmation in opposition" and "Defendant Ben Wachter's Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions and Default Judgment," Wachter contends that AMSI made no discovery demands upon him after he provided documents and records to AMSI in February 2020. Wachter maintains that the instant motion concerns a dispute between AMSI and the Law Firm Defendants and does not concern Wachter. According to Wachter, the Court's July 9, 2020 order directed the Law Firm Defendants to provide software and the server to AMSI and "it is undisputed" that the order was not directed at Wachter. Wachter maintains that AMSI has made no showing that Wachter possesses the software and server referenced in the order. Therefore, Wachter did not fail to comply with a court order and cannot be sanctioned. In addition, Wachter maintains that no preservation notice was served on him, and that the preservation notices were served on the Law Firm Defendants and Rakamaric on June 9, 2016, more than three years before AMSI named Wachter in the Third Amended Complaint. Wachter avers that, as he was the last-named

---

[1] Rakamaric makes additional statements in his declaration regarding the merits of the case, which are not relevant to the instant motion.

defendant, the plaintiff and previously named defendants should have been deposed before he was deposed; however, the plaintiff and other defendants were not deposed.

**AMSI'S REPLY**

AMSI contends that the defendants have engaged in a "pattern of bad faith" by not producing the RHCR-APPSRV server, an operational version of the Rakamaric Software, "refus[ing] to appear for deposition," and "refus[ing] to produce documents evidencing the revenues associated with their licensing and use of the accused Rakamaric Software." AMSI contends that the expiration of the deadline for completing discovery, while the Law Firm Defendants' motion for a protective order was <u>sub judice</u>, did not relieve the defendants of their discovery obligations. AMSI maintains that the defendants' bad faith is evidenced by their "sham offer" of a three-hour window to inspect the server, "made the same day that the Law Firm Defendants' counsel was advised that AMSI's principal (the only person qualified to conduct the inspection) was about to undergo cardiac surgery and would be unavailable for several weeks."

With respect to the defendants' depositions, AMSI contends that it served deposition notices on August 25, 2020, but the defendants did not attempt to schedule the depositions and refused to appear. AMSI contends that sanctions for a party's failure to appear for its deposition are available under Rule 37(d) of the Federal Rules of Civil Procedure, and a court order is not required prior to the imposition of sanctions.

AMSI contends that Rakamaric and Wachter ignored entirely the Court's July 9, 2020 discovery order, without justification. AMSI maintains that Rakamaric's representation, that he produced everything sought from him by AMSI, is false. AMSI asserts that Rakamaric and Wachter did not serve their oppositions to the motion timely; therefore, the Court should ignore

them.  AMSI contends that the July 9, 2020 order did apply to Wachter, because it applied to all the defendants, and the dispute resolved through that order was not solely between the Law Firm Defendants and AMSI, as it "required the production of the software indisputably created by Defendants Rakamaric and Wachter on behalf of the Law Firm Defendants."  Moreover, according to AMSI, Wachter's contention that the July 9, 2020 discovery order was not directed at him is not supported by an affidavit by someone with firsthand knowledge of the facts.

AMSI contends that "[the] only plausible explanation for Defendants' noncompliance with the July 9, 2020 Discovery order is their desire to conceal evidence of their illicit copying." AMSI maintains that sanctions are appropriate here because the defendants do not "offer any legitimate excuse for their persistent refusal to produce the required items," and severe sanctions are warranted because the Law Firm Defendants filed a "frivolous motion for protective order designed to hamper AMSI's ability to oppose their summary judgment motion."  AMSI asserts that the "adverse findings of fact sought by AMSI are commensurate in scope with Defendants' discovery violations.  Those adverse findings are not tantamount to a default and would merely place AMSI in the position it would have been in had Defendants complied with discovery."

AMSI maintains that the defendants' contentions that AMSI did not itself fulfill its discovery obligations are baseless and irrelevant.  AMSI maintains that it did not cause any discovery delays, as it wrote to the Law Firm Defendants on August 24, 2020, and September 17, 2020, to proceed with the inspection of the server, but the Law Firm Defendants did not respond. AMSI contends that its lack of access to the server is not harmless, as it had not had access to the server since June 2016, not 2019 as the Law Firm Defendants allege.  When it accessed the server in 2016, the Rakamaric Software was still being created, and, according to AMSI, "the copying and replication was still underway."  According to AMSI, the defendants' software

copying was not impeded by AMSI's cutting off access to its LTLS software, as the Law Firm

Defendants had copies of the software in their backup server and on the RHCR-APPSRV server.

AMSI contends that

> Simply stated, Defendants have continuously and consistently refused to produce a single operating version of the accused Rakamaric Software, creating the unheard-of situation that the software accused of copyright infringement has not been produced by the accused infringer, even though the accused infringer has moved for summary judgment of noninfringement—and despite the Court's July 9, 2020 Discovery Order.

## LEGAL STANDARD

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

> Instead of or in addition to the orders [issued pursuant to Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

"Provided that there is a clearly articulated order of the court requiring specified

discovery, the district court has the authority to impose Rule 37(b) sanctions for

noncompliance with that order." Daval Steel Prods., a Div. of Francosteel Corp. v. M/V

Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991). An order is clear and unambiguous when

it "leaves no uncertainty in the minds of those to whom [the order] is addressed." Gucci

America, Inc. v. Weixing Li, 768 F.3d 122, 142-43 (2d Cir. 2014) (citation omitted).

"The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). "Sanctions [for conduct identified in Fed. R. Civ. P. 37 (d)] may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"[T]he severity of sanction must be commensurate with the non-compliance." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007).

> "[S]everal factors may be useful in evaluating a district court's exercise of discretion" to impose sanctions pursuant to [Fed. R. Civ. P. 37(b)(2)(A)], including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance." . . . The district court is free to consider "the full record in the case in order to select the appropriate sanction."
>
> S. New England Tel. Co. v. Global NAPS Inc., 624 F.3d 123, 144 (2d Cir. 2010) (internal citations omitted).

A court may also impose sanctions for discovery misconduct under "its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (citing DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 135–36 (2d

Cir. 1998).  Owing to the very potency of a court's inherent powers, they must be exercised with "restraint and discretion."  Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132 (1991).  Imposition of sanctions under the Court's inherent powers requires a particularized finding of bad faith, shown by "clear evidence" that the actions in question were taken "for reasons of harassment or delay or for other improper purposes."  United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986)).  When a court imposes sanctions pursuant to its inherent powers, it has available to it "an equivalent array of weaponry" to the remedies available under Federal Rule of Civil Procedure 37(b).  Briese Lichttechnik Vertriebs GmbH v. Langton, No. 09 Civ. 9790, 2011 WL 280815 at *8 (S.D.N.Y. Jan. 10, 2011).

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636 (b).  Under Federal Rule of Civil Procedure 72, a magistrate judge may decide a "pretrial matter not dispositive of a party's claim or defense."  Fed. R. Civ. P. 72(a).  "Motions seeking Rule 37(b) sanctions for noncompliance with the Court's discovery orders are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim."  Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 328 F.R.D. 100, 118 (S.D.N.Y. 2018) (citation and quotation marks omitted).  A magistrate judge therefore has the authority under Rule 72(a) to impose discovery sanctions that

are not dispositive of a claim or defense in the action, subject to review by a district judge under the "clearly erroneous" or "contrary to law" standard.

## APPLICATION OF LEGAL STANDARD

AMSI seeks sanctions based on the defendants' failure to appear for their respective depositions. Sanctions for a party's failure to attend its own deposition are available under Rule 37(d) of the Federal Rules of Civil Procedure, if the failure occurs after the party has been served with the notice required by Federal Rule of Civil Procedure 30(b). The motion record does not contain the deposition notices that were served upon the defendants. Exhibit 4 to Saunders's declaration, an email message from Katz to defense counsel and Rakamaric dated August 25, 2020, states, in pertinent part: "Please find attached notices of deposition of all parties, including William Rappaport, Steven M. Hertz, Eliot J. Cherson, Michael C. Rosenthal, Branko Ramamaric [sic], Ben Wachter. There is also a notice of deposition of Rappaport Hertz et al. by Adrian Beltran. In view of the September 3 discovery cutoff, the depositions are all noticed for next week." Docket Entry No. 270, Exhibit 4. The deposition notices themselves are not provided as a supporting exhibit by any party; so, the Court cannot assess whether the defendants were provided with adequate notice under Rule 30(b)(1), which requires a notice of deposition to "state the time and place of the deposition and, if known, the deponent's name and address." The Court notes that Wachter's assertion that he was not obligated to attend his deposition before the previously named defendants were deposed is incorrect; Federal Rule of Civil Procedure 26(d)(3)(A) provides that "methods of discovery may be used in any sequence." However, under the circumstances, awarding sanctions for the failure of any defendant to attend a deposition is not warranted.

AMSI seeks sanctions based on the defendants' "refusal to produce documents relating to revenues and costs associated with the licensing, sale and/or use of the Rakamaric Software." The Court's July 9, 2020 order required the defendants to "supplement their response to the plaintiffs' request for communications exchanged by the defendants relating, inter alia, to landlord-tenant law practice management software." Watcher contends that the Court's July 9, 2020 order was not directed at him but was only directed at the Law Firm Defendants. Local Civil Rule 7.1(b) provides that oppositions and replies with respect to motions follow the requirements of Local Civil Rule 7.1(a)(2) and (3), which require the following papers: "a memorandum of law, setting forth the cases and other authorities relied on" and "supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Wachter's submission at Docket Entry No. 266, styled both as an "affirmation" and a "memorandum of law," does not refer to any case law or other authorities. Nor is it accompanied by any supporting affidavits with exhibits thereto that contain factual information from which the Court could conclude that Wachter's assertion that "it is undisputed" that the July 9, 2020 order was not directed at Wachter is correct. Given the allegations in the complaint, that Wachter and Rakamaric worked in concert in accessing, copying, and converting AMSI's software into the alleged infringing software, Wachter's attempt to exempt himself from any obligation to comply with the July 9, 2020 order is curious and rejected. The purpose of the order was to advance the pretrial discovery activities of the parties to completion by ensuring that all the defendants who could facilitate that would work to achieve that result.

On the motion record, the Court is unable to conclude that the defendants did not comply with the portion of the July 9, 2020 order requiring the defendants to "supplement their response

16

to the plaintiffs' request for communications exchanged by the defendants relating, <u>inter alia</u>, to landlord-tenant law practice management software." Docket Entry No. 267. In his declaration, Cherson attests that "in early 2019 and early 2020, we conducted a search of RHCR's documents to respond to AMSI's requests for documents, which included hundreds of emails, documents concerning the installation and modification of the Rakamaric Software, evidence of payment to Branko Rakamaric and all relevant agreements including those with Branko Rakamaric" and "RHCR has provided all responsive non-privileged documents and has fully responded to AMSI's requests." Docket Entry No. 269. In his declaration, Saunders attests that "on September 18, 2020, the Law Firm Defendants supplied proof of payments to Rakamaric, the agreement with Rakamaric and additional email communications" and "on October 12, 2020, the Law Firm Defendants produced all relevant emails, including prior productions, in response to AMSI's counsel's assertion that it had not received all responsive records." Docket Entry No. 270. In his declaration, Rakamaric attests that he "sent [AMSI his] contract with RHCR and invoices, RHCR also sent them records of what they pay [him]." Wachter similarly asserts that he has produced all records and documents responsive to AMSI's discovery demands. Although AMSI provides, as exhibits to the declaration of Katz, the Law Firm Defendants' and Rakamaric's responses and objections to AMSI's document requests, <u>see</u> Docket Entry No. 263, Exhibits A and B, AMSI does not provide its document requests addressed to Wachter, nor Wachter's responses or objections. Therefore, the Court cannot conclude that Wachter did not "supplement [his] response to the plaintiffs' request for communications exchanged by the defendants relating, <u>inter alia</u>, to landlord-tenant law practice management software" as it is not clear whether AMSI ever requested such communications from him. The Court finds that Rule

37(b) sanctions for the defendants' purported failure to produce documents relating to revenues and costs associated with the Rakamaric software are not warranted.

AMSI seeks sanctions based on the defendants' failure to produce to AMSI an operational version of their software and the RHCR-APPSRV server. The Court's July 9, 2020 order directed "the defendants" to "provide to the plaintiff operational versions of their software" and "provide access to their server, as soon as practicable." Docket Entry No. 196. The defendants did not provide to the plaintiff operational versions of their software, nor did they provide access to the relevant server. Notwithstanding any delay on the part of AMSI's counsel, Katz, to respond to the defendants' offer of a remote inspection of the software and server, the defendants did not provide the software or server once Katz began communicating with them again in August 2020. Instead, on August 25, 2020, the Law Firm Defendants filed a letter motion seeking a protective order and contending, inter alia, that "discovery of Law Firm Defendants' computer system" is "unnecessary and unduly burdensome." Docket Entry No. 197. This letter motion was denied by the Court on September 2, 2020. See Docket Entry No. 199. On September 29, 2020, the Law Firm Defendants filed a motion for a protective order and to quash the subpoena served upon Krantz. See Docket Entry No. 207. This motion was denied by the Court on January 12, 2021. See Docket Entry No. 232. At no point did the defendants provide to the plaintiff an operational version of the alleged infringing software or access to the relevant server, as ordered by the Court on July 9, 2020. The Court finds that the defendants failed to obey the Court's order and, therefore, sanctions are warranted under Rule 37(b).

In addition to sanctions under Federal Rule of Civil Procedure 37, AMSI requests that the Court sanction the defendants under the Court's inherent powers. The Court declines to do so. The Court notes that the Second Circuit Court of Appeals has advised that imposing sanctions

under a court's inherent power can be "needless and confusing [] when a particular rule directly applies to the specific problem confronting the district court." S. New England Tel. Co., 624 F.3d at 144 n.7 (quotation marks and citation omitted). Rules 37(b) and (d) apply directly to the conduct that AMSI complains of here. Moreover, AMSI has not shown by "clear evidence" that the defendants' actions with respect to providing the software and server were undertaken "for reasons of harassment or delay or for other improper purposes." Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d at 1345. The Court notes that Katz's lack of communication with the defendants following the July 8, 2020 telephone conference appears to have contributed to the defendants' failure to produce the software and sever. On July 8, 2020, following the telephone conference, the Law Firm Defendants wrote to AMSI requesting AMSI's availability to conduct remote inspections of the software and server. Katz did not respond to this letter or communicate with the Law Firm Defendants until August 24, 2020. Under these circumstances, and because the Court has found sanctions warranted under Rule 37(b), imposing sanctions under the Court's inherent powers is not warranted.

AMSI urges the Court to impose a range of sanctions, including entering a judgment by default, striking the defendants' motion for summary judgment, directing that certain facts be taken as established for the purpose of this action, and monetary sanctions. The Court is not persuaded that harsh sanctions such as the entry of a judgment by default, striking the defendants' motion for summary judgment, or directing that certain facts be taken as established are warranted in the circumstance of this case. In this judicial circuit, there is a "strong preference for resolving disputes on the merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (quotation marks and citation omitted). The Law Firm Defendants' motion for summary judgment has been fully briefed. In response to that motion, AMSI moved, under Federal Rule

of Civil Procedure 56(d), for an order "adjourning or denying the Law Firm Defendants' Motion for Summary Judgment Pending the Completion of Fact Discovery." AMSI's application to the assigned district judge for relief regarding the "completion of fact discovery" militates against granting AMSI's request that the Court direct that certain facts be taken as established for the purpose of this action. Moreover, the motion record indicates that, at the time the instant motion was filed, AMSI was in the process of obtaining the server and software from Krantz via subpoena; further, a joint letter filed by the parties on May 27, 2021, Docket Entry No. 273, indicates that AMSI has obtained a backup copy of the server from Krantz. The fact that some of the materials sought by AMSI are now in AMSI's possession, albeit belatedly, also militates against imposing as a sanction a direction that certain facts be taken as established for the purpose of this action.

Under Rule 37(b), "instead of or in addition to the orders" described in Rule 37(b)(2)(A), the Court "must" order the defendants to pay the reasonable expenses, including attorneys' fees, caused by their failure to comply with an order of the Court, unless that failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C). The defendants' failure to produce the server and software necessitating the instant motion was not substantially justified, nor would awarding expenses be unjust. Moreover, monetary sanctions are appropriate to deter the defendants from similar conduct in the future and compensate AMSI for expenses it incurred to obtain the discovery ordered by the Court previously to be provided to AMSI by the defendants. The Court therefore awards to AMSI the following: (1) the reasonable attorney's fees and costs associated with obtaining the server and software via subpoena from Krantz; (2) the reasonable attorney's fees incurred by AMSI in opposing the motion for a protective order and to quash, which appears at Docket Entry No. 207;

(3) the reasonable attorney's fees incurred by AMSI in preparing the letter motion that appears at Docket Entry No. 245; and (4) the reasonable attorney's fees and costs incurred by AMSI in connection with the instant motion. The defendants are jointly and severally liable for AMSI's attorney's fees and costs.

## CONCLUSION

For the reasons set forth above, AMSI's motion for sanctions, Docket Entry No. 261, is granted, in part, and denied, in part. The schedule for submitting the request for reasonable attorney's fees and costs is as follows:

(a) on or before July 28. 2021, the plaintiff shall file its request for reasonable attorney's fees and costs;

(b) on or before August 11, 2021, the defendants shall file any challenge to the reasonableness of the attorney's fees and costs; and

(c) on or before August 18, 2021, any reply shall be filed by the plaintiff.

Dated: New York, New York            SO ORDERED:
       July 14, 2021

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE