UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AUTOMATED MANAGEMENT
SYSTEMS, INC.,

                              Plaintiff,

              -against-

RAPPAPORT HERTZ CHERSON
ROSENTHAL, P.C., WILLIAM RAPPAPORT,
STEVEN M. HERTZ, ELIOT J. CHERSON,
MICHAEL C. ROSENTHAL, BRANKO
RAKAMARIC, and BEN WACHTER,

                              Defendants.
------------------------------------------------------------------X

**ORDER**

**16-CV-4762 (LTS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court is a motion by Plaintiff Automated Management Systems, Inc. ("AMSI") for attorneys' fees to be awarded in the amount of $24,700 and leave to submit documentation for fees incurred in AMSI's present motion. Dkt. No. 321. For the reasons set forth below, AMSI's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On July 9, 2020, following a discovery conference, Judge Fox issued an order directing Defendants to "provide the plaintiff operational versions of their software;" "provide access to their server, as soon as practicable;" and "supplement their response to the plaintiff's request for communications exchanged by the defendants relating, inter-alia, to landlord-tenant law practice management software." Dkt. No. 196 (the "July 9th Order").

On February 18, 2021, AMSI moved for discovery sanctions, pursuant to Federal Rule of Civil Procedure 37, stating that Defendants failed to comply with the July 9th Order. Dkt. No. 262. Defendants opposed AMSI's motion (Dkt. Nos. 266-270) and AMSI replied. Dkt. No. 271. On July 14, 2021, Judge Fox granted, in part, and denied, in part, AMSI's motion. Judge Fox found Defendants jointly and severally liable to AMSI for the following: "(1) the reasonable attorney's fees and costs associated with obtaining the server and software via subpoena from [non-party] Krantz; (2) the reasonable attorney's fees incurred by AMSI in opposing the motion for a protective order and to quash, which appears at Docket Entry No. 207; (3) the reasonable attorney's fees incurred by AMSI in preparing the letter motion that appears at Docket Entry No. 245; and (4) the reasonable attorney's fees and costs incurred by AMSI in connection with the instant motion." Dkt. No. 274 at 20-21.

Judge Fox then directed AMSI to submit a request for reasonable attorneys' fees and costs (Id. at 21), which AMSI filed on May 6, 2022. Dkt. No. 321. AMSI seeks $24,700 in expenses and legal fees and leave to submit documentation of the expenses of its present motion. Id. All defendants objected to AMSI's request. See Dkt. Nos. 335, 337, 346. On July 5, 2022, AMSI filed a reply in support of its request. Dkt. No. 364.

## DISCUSSION

### I. Legal Standard

The Court "enjoys broad discretion in determining the amount of a fee award." Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 307 (2d Cir. 2011). The lodestar

approach establishes a "presumptively reasonable fee" by calculating the number of hours reasonably expended by counsel on the litigation and multiplying that number of hours by reasonable hourly rates. See Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted).

To determine the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). Generally, the relevant community is the district in which the district court sits. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The Court must evaluate the "evidence proffered by the parties" and may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton County of N.Y., 433 F.3d 204, 209 (2d Cir. 2005). A court-awarded attorneys' fee must compensate only for "hours reasonably expended on the litigation," not for "hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

The Second Circuit has also set out case-specific factors which a court may use in determining a reasonable fee. These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of

the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Arbor Hill, 522 F.3d at 186, n.3 ("the "*Johnson* Factors") (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

As to the hours asserted, AMSI must establish "that the number of hours for which [it] seeks compensation is 'reasonable.'" Knox v. John Varvatos Enterprises Inc., 520 F. Supp. 3d 331, 343 (S.D.N.Y., 2021) (citing Arbor Hill, 522 F.3d at 188). A fee application must include "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). In exercising its discretion to determine whether the number of hours for which a party seeks compensation is reasonable, "the district court should look 'to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" Knox, 520 F. Supp. 3d at 343 (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)). "If a court finds that claimed hours are 'excessive, redundant, or otherwise unnecessary,' it should exclude those hours from its calculation of the presumptively reasonable fee." Knox 520 F. Supp. 3d at 344 (quoting Hensley, 461 U.S. at 434). The court need not "evaluate and rule on every entry in an application." Carey, 711 F.2d at 1146. Rather, the court "may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming the fat from a fee application.'" Heng Chan v. Sung Yue Tung Corp., No. 03-cv-6048 (GEL), 2007 WL 1373118, at *5 (S.D.N.Y.

May 8, 2007) (quoting In Re Agent Orange Prod. Liability Litig., 818 F.2d 226, 237 (2d Cir. 1987)).

## II. AMSI's Fee Application

AMSI seeks $24,700 in attorneys' fees for work done by paralegal Paul Hoffman of AMSI's prior counsel, Katz & Associates. Dkt. No. 321 at 5. AMSI seeks an hourly rate of $200 for Hoffman's time. Hoffman graduated from law school in 1992 and has been working as a paralegal for approximately 30 years. Id. at 6. AMSI states that Hoffman's hours reflect Hoffman's time drafting an opposition to the motion for a protective order and to quash a subpoena by Rappaport Hertz Cherson Rosenthal, P.C., William Rappaport, Steven M. Hertz, Eliot J. Cherson, and Michael C. Rosenthal (the "Law Firm Defendants") (Dkt. Nos. 207, 212); preparing a joint letter requesting a pre-motion conference regarding Defendants' deposition, the materials referenced in the July 9th Order, and AMSI's subpoena on non-party Krantz Secure Technologies (Dkt. No. 245); and drafting AMSI's motion for sanctions (Dkt. No. 262). Dkt. No. 321 at 8.

In total, Hoffman's work consisted of 50 pages of memoranda of law, a sworn declaration, and ten exhibits. AMSI argues that its success in obtaining every discovery sought in its sanctions motion, along with sanctions, "necessitates a finding that it is entitled to fully recoup its expenses, including legal fees, incurred in connection with the [m]otion to [c]ompel." Id. at 6-7. Moreover, AMSI seeks leave to submit a supplemental application for the reasonable legal fees and costs it incurred in making the present fee application. Id. at 9.

### III. Defendants' Oppositions

All Defendants argue that AMSI has not provided evidence of payment made to its prior counsel for the services for which it seeks reimbursement. See Dkt Nos. 335 at 3, 337 at 4, 346 at 3.

The Law Firm Defendants argue that AMSI is not entitled to fees for legal work done by Hoffman because a paralegal is not entitled to "write legal briefs," "review and analyze court decisions and write legal responses to same," or "bill clients for legal advice." Dkt. No. 337 at 1. The Law Firm Defendants also claim that a reasonable hourly rate for Hoffman is no greater than $150. Id. at 7. Under the *Johnson* Factors, they contend that Hoffman's rate should be reduced because "the motion practice was or should have been a relatively vanilla discovery motion." Id. at 3-4. As to Hoffman's specific billing entries, the Law Firm Defendants argue that Hoffman's billing included block billing and excessive and vague time entries. Id. 4-7.

Lastly, Rakamaric argues that sanctions assessed against him should be dismissed because he did not have possession of the server in question and therefore did not fail to comply with the July 9th Order. Dkt. No. 346 at 4.

### IV. AMSI's Reply

AMSI provided confirmations of AMSI's payment of attorneys' fees to its prior counsel, Bruce D. Katz, and invoices AMSI received from its prior counsel, The Abramson Law Group, PLLC, for fees incurred in connection with its present fee application. See Dkt. No. 363-1, 363-2. AMSI argues that the Law Firm Defendants

have not provided any authority for its argument "that a paralegal cannot prepare draft letters and draft legal memoranda for review by attorneys." Dkt. No. 364 at 3. In addition, attorney Bruce Katz personally reviewed all of Hoffman's work, made substantial changes to the work, and finalized all papers for filing. Accordingly, AMSI states that the amounts billed are less than the actual time spent on the various memoranda because Katz did not bill for his time. Id.

Further, AMSI contends that a $200 hourly rate for Hoffman is reasonable because "'it is well within the range of hourly rates approved by other courts in this District for similarly experienced [and even less experienced] . . . paralegals' in intellectual property matters." Id. at 3 (citing Broad. Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 202-03 (S.D.N.Y. 2016).

As to the *Johnson* factors, AMSI states they do not warrant any reduction in the hourly rate of Hoffman, who has 30 years of experience as an intellectual property practitioner and expert and has maintained a 12-year relationship with AMSI. Dkt. No. 364 at 4, 6. This is a "highly complex intellectual property matter involving sophisticated law practice management software packages each written in multiple different computer languages." Id. at 4 (citing Dkt. No. 235, AMSI's President's 81-page declaration in opposition to the Law Firm Defendants' summary judgment motion and in support of AMSI's summary judgment motion). "No extra time and labor than that required was spent on the multiple motion practice needed to obtain Defendants' compliance with the [July 9th Order]." Dkt. No. 364 at 4. AMSI states that the "thousands of hours to prosecute" this case, whose fee is based on fixed hourly

rates and not a contingent fee, has been "largely due to Defendants' recalcitrance." Id. at 5. "All activities were conducted under tight time constraints imposed by the Court." Id. Further, the case involves an "immeasurable" amount in dollars and AMSI's existence is threated by Defendants'. Id. Moreover, AMSI contends that "[t]he 'undesirability' of the case is best exemplified by the highly complex issues leading to the withdrawal of three prior counsel," and courts have awarded "much larger awards" in similar cases. Id. at 6.

### V. Application

First, the Court addresses Defendants' arguments unrelated to the specific hourly rate and number of hours for which AMSI seeks attorneys' fees and costs. The Court finds Defendants' arguments regarding the lack of proof of AMSI's payment of fees moot because AMSI submitted confirmation of payments made to its prior counsel. See Dkt. No. 363-1.

Next, the Law Firm Defendants provide no supporting caselaw for their argument that AMSI is not entitled to recover fees for legal work done by a paralegal. In addition, attorney Katz reviewed all of Hoffman's work and there is no evidence that Hoffman billed AMSI for legal advice. Dkt. Nos. 322-1, 364 at 3. Therefore, Hoffman's fees are recoverable. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10, (1989) ("It has frequently been recognized in the lower courts that paralegals are capable of carrying out many tasks, under the supervision of an attorney, that might otherwise be performed by a lawyer and billed at a higher rate.").

8

As to Rakamaric, the present application is solely for attorneys' fees. Judge Fox previously held that sanctions were appropriate against Rakamaric. Dkt. No. 274 at 20-21. Further, Chief Judge Swain, in response to Rakamaric's prior objections, ruled that Judge Fox's sanctions order as to Rakamaric "was neither clearly erroneous nor contrary to law." Dkt. No. 302 at 33. Therefore, Rakamaric is jointly and severally liable for AMSI's attorneys' fees and costs.

### A. Hourly Rates

The Court finds that Hoffman's $200 hourly rate is reasonable based on rates approved by other courts in this District for paralegals. See Sub-Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs., Inc., No. 13-CV-2548 (KMW) (JLC), 2014 WL 1303434, at *9 (S.D.N.Y. Apr. 1, 2014) ("The Court finds that $200 an hour is reasonable and in line with the prevailing market rate for paralegals in this district."); Dkt. No. 364 at 3 (citing cases). The Law Firm Defendants have cited no caselaw to support their argument that AMSI cannot recover fees for a paralegal "performing tasks exclusively reserved for an attorney." Dkt. No. 337 at 2. In fact, courts in this District have awarded fees for a paralegal drafting legal memoranda as Hoffman did here with attorney supervision. See G&G Closed Circuit Events, LLC v. Pacheco, No. 20-CV-7457 (LJL), 2021 WL 4805488, at *1 (S.D.N.Y. Oct. 12, 2021) (permitting plaintiff to recover paralegal fees where paralegal "prepared drafts of many of the papers including the complaint, the request for a certificate of default, and the motion for a default judgment," which counsel reviewed).

The *Johnson* Factors also do not warrant a reduction in Hoffman's hourly rate. The Law Firm Defendants cite two *Johnson* Factors specifically – the time and labor required and the novelty and difficulty of the questions involved – as justification for a reduction in Hoffman's hourly rate. As detailed below, the Court finds that not all of Hoffman's work involved complex intellectual property law and there are some issues with Hoffman's billing. Nonetheless, Hoffman has 30 years of experience as an intellectual property practitioner and a 12-year professional relationship with AMSI. Hoffman billed for tasks, such as drafting memoranda of law, "that might otherwise [have] be[en] performed by a lawyer and billed at a higher rate." See Missouri, 491 U.S. at 288 n.10. Significantly, all of Hoffman's billing resulted in a successful outcome for AMSI – Judge Fox denied the Law Firm Defendants' motion for a protective order and granted AMSI's sanctions motion due to Defendants' discovery failures.

### B. Number of Hours

"Although attorneys must record the general nature of their work, they need not include detailed descriptions of the exact work performed." Tran v. Tran, 166 F. Supp. 2d 793, 800 (S.D.N.Y. 2001). "[W]here an attorney's time entries are vague, courts may attempt to decipher them by reference to 'the context in which these entries occur [to determine] what work was involved.'" Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 970 F. Supp. 333, 342 (S.D.N.Y. 1997) (quoting Lenihan v. City of New York, 640 F. Supp. 822, 826 (S.D.N.Y. 1986). Additionally, "[w]hile 'block-billing' is disfavored and may lack the specificity required for a fee award, it is not

prohibited as long as the Court can determine the reasonableness of the work performed." Tatum v. City of New York, No. 06-CV-4290 (PGG) (GWG), 2010 WL 334975, at *7 (S.D.N.Y. Jan. 28, 2010) (citation omitted). As such, "[i]t is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd., No. 10-CV-1853 (PGG), 2011 WL 1002439, at *8 (S.D.N.Y. Mar. 16, 2011), aff'd, 483 F. App'x 634 (2d Cir. 2012) (internal quotation marks and citations omitted). "Instead, the Court must look at the big picture presented by the fee application." Id. (internal quotation marks and citations omitted).

The Court has reviewed Hoffman's billing and finds that Hoffman's block billing on October 12, 2020; January 30, 2021; and January 31, 2021 do not warrant a reduction in AMSI's recovery. The billing is reasonable based on the context of the case. The Court also will not reduce AMSI's recovery based on the Law Firm Defendants' vagueness objection to the January 30 and 31, 2021 block billing. It is not necessary to state exactly how many discussions Hoffman had with Katz. See Raniola v. Bratton, No. 96-CV-4482 (MHD), 2003 WL 1907865, at *4 (S.D.N.Y. Apr. 21, 2003) ("Although some of the entries are fairly general, terms such as 'case preparation' or 'meeting' by one attorney with another are sufficiently concrete, when viewed in context, to permit the court to make a judgement about the reasonableness of the total hours claimed.").

However, the Court concludes that at least some of Hoffman's billing is excessive based on its own experience and knowledge of the case. For instance, Hoffman billed ten hours to review the Law Firm Defendants' motion for a protective order. Dkt. No. 322-1. The motion for a protective order was only three pages of a much larger motion relating to other issues for which Judge Fox did not permit AMSI to seek fees. Dkt. No. 208. Hoffman also billed 29.5 hours to draft an 11-page opposition to the motion for a protective order that included no caselaw citations. Further, Hoffman billed 36 hours to draft about 23 pages of a sanctions motion with ten exhibits. Dkt. No. 322-1. The motion did not involve briefing on complex intellectual property law. See Dkt. No. 262.

Moreover, AMSI fails to explain to what the two hours billed on April 15, 2021 for "[d]rafting letter to Mag Fox re discovery" pertain. See Dkt. No. 322-1. AMSI did not file anything on the docket until May 27, 2021, when it filed a joint letter motion for a pre-motion conference before Judge Fox. Dkt. No. 273. Hoffman's billing records reflect no time entries between April 15, 2021 and July 15, 2021 either. See Dkt. No. 322-1. Nonetheless, instead of adjusting individual time entries, the Court will reduce Hoffman's hours by a percentage. See Heng Chan, 2007 WL 1373118, at *5. Therefore, Hoffman's hours are reduced by 20% to account for excess hours. This results in a total of 98.8 hours billed.

### C. Present Motion Fees

Defendants do not contest AMSI's request for leave to submit a supplemental application for the reasonable legal fees and costs it incurred in making its present

fee application. Courts in this District has previously found that a party directed to submit a fee application is entitled to reasonable attorneys' fees that it incurred in making such application. See Novick v. AXA Network, LLC, No. 07-CV-7767 (AKH) (KNF), 2015 WL 764021 (S.D.N.Y. Feb. 23, 2015) ("[U]nless there are reasons to the contrary, motion costs should be granted whenever underlying costs are allowed."). (citing Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist, 71 F.3d 1053, 1060 (2d Cir. 1995)). Accordingly, AMSI may submit a supplemental application for the total legal fees and costs it incurred in making its present fee application.

## CONCLUSION

For the foregoing reasons, AMSI's motion for attorney's fees (Dkt. No. 321) is GRANTED IN PART and DENIED IN PART. Defendants are hereby ordered to pay $19,760 to AMSI. AMSI may submit a supplemental application for the total legal fees and costs it incurred in making its present fee application.

SO ORDERED.

DATED: New York, New York
July 22, 2022

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge