**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
AUTOMATED MANAGEMENT SYSTEMS,
INC.,

         Plaintiff,

    -against-

RAPPAPORT HERTZ CHERSON &
ROSENTHAL P.C., *et al.*,
         Defendants.
------------------------------------------------------------------X

**ORDER**

**16-cv-4762 (LTS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

  This copyright case commenced in 2016, and discovery closed in October 2020. Dkt. No. 1; Dkt. No. 203. Now, the Plaintiff moves to reopen discovery, asserting that Defendants' alleged delays in producing the accused software and Defendants' refusal to attend depositions provide the necessary good cause to reopen. Dkt. No. 378. Defendants object, contending that the Plaintiff failed to diligently pursue outstanding discovery. Dkt. No. 380. Because the Court finds that Plaintiff took no action to compel any discovery since March 2022, the Motion to Reopen is DENIED.

## BACKGROUND

  The Plaintiff, Automated Management Systems, Inc. ("AMSI"), creates and licenses copyrighted Landlord-Tenant legal system software. Dkt. No. 1. Plaintiff alleges that their former customers, the Law Firm Defendants Rappaport Hertz Cherson & Rosenthal, P.C., violated AMSI's licensing agreement by permitting AMSI's competitors, Defendants Branko Rakamaric and Ben Wachter, to access the software and copy its useful features. Dkt. No. 1; Dkt. No. 378 at 3.

Plaintiff served discovery requests on Defendants in 2019, and comprehensive discovery began in March 2020, after the Court approved a Protective Order. Dkt. No. 378 at 7.

On May 12, 2020, Magistrate Judge Fox extended discovery to July 3, 2020. Dkt. No. 195.

In early July 2020, Judge Fox ordered that "the Defendants shall provide the Plaintiff operational versions of their software," and pushed the discovery deadline to September 3, 2020. Dkt. No. 196.

About a month later, in August 2020, Plaintiff's former attorney, Bruce Katz, emailed Defendants' counsel, "Please find attached notices of deposition of all parties…in view of the September 3 discovery cutoff, the depositions are all noticed for next week." Dkt. No. 274 at 15.

To date, the deposition notices themselves have not been submitted to the Court. Id.

On the day of the discovery deadline, Plaintiff sought a 30-day extension, explaining that Plaintiff's President James Traina, "suffered a significant cardiac illness requiring surgical intervention and requiring a period of extended convalescence…" Dkt. No. 202.

Judge Fox granted this request, ordering that "the time for the Parties to complete their pretrial discovery activities is enlarged to October 5, 2020." Dkt. No. 203.

On September 29, 2020, the Law Firm Defendants moved for a protective order, seeking to "halt further discovery in this matter as there are no remaining issues in dispute…" Dkt. No. 208 at 26.

The October 5, 2020 discovery deadline then came and went, with no request for an extension.

About a week later, on October 14, 2020, the Law Firm Defendants moved for summary judgment. Dkt. No. 217. Plaintiffs opposed and moved under Rule 56(d) for an adjournment of the Motion, asserting that, at the time of filing, Defendants had not complied with the July 9, 2020 discovery order issued by Judge Fox. Dkt. No. 233.

On January 12, 2021, Judge Fox denied the Law Firm Defendants' Motion for a Protective Order: "the Court ruled that the RHCR-APPSRV server is discoverable when it ordered the Defendants to provide access…The Law Firm Defendants have not identified any privileged or confidential matter contained in the server that would warrant protection." Dkt. No. 232.

Despite this Order, the Law Firm Defendants failed to provide operational versions of the software and "refused to appear for depositions on the ground that discovery was closed." Dkt. No. 274 at 4.

In April 2021, subpoenaed Third-Party Krantz Secure Technologies produced a version of the software. Dkt. No. 380 at 15; Dkt. No. 378 at 20; Id. at 16 ("AMSI never received the source code and did not receive an operational version until it was produced in April 2021 in response to a non-party subpoena.").

In mid-July 2021, Judge Fox sanctioned the Defendants for their failure to provide an operational version of the software. Dkt. No. 274 at 18 ("at no point did the Defendants provide to the plaintiff an operational version of the alleged infringing software or access to the relevant server, as ordered by the Court on July 9, 2020. The Court finds that the defendants failed to obey the Court's order, and therefore sanctions are warranted under Rule 37(b).").

However, Judge Fox declined to sanction the Defendants for failing to attend their depositions: "Sanctions for a party's failure to attend its own deposition are available under Rule 37(d) of the Federal Rules of Civil Procedure, if the failure occurs after the party has been served with the notice required by Federal Rule of Civil procedure 30(b). The motion record does not contain the deposition notices that were served upon the Defendants…under the circumstances, awarding sanctions…is not warranted." Dkt. No. 274 at 15.

If Plaintiff has since served new deposition notices on any of the Defendants, the Court is unaware of any such notice, as no deposition notice was provided to the Court.

Despite being sanctioned $19,760, Dkt. No. 368, Defendants maintained that they need not attend depositions after discovery was closed. Dkt. No. 378 at 10. They never provided an operational version of the software. Dkt. No. 378 at 10. Id.

On October 7, 2021, Plaintiffs filed a letter motion requesting a "limited reopening of discovery to allow AMSI to conduct the timely-noticed depositions of Defendants for which they refused to appear…and to conduct limited follow-up discovery based on the two-yearlong delayed production of Defendants' accused software." Dkt. No. 293.

A week later, on October 13, 2021, Judge Fox ruled that "AMSI's request to reopen discovery is denied, without prejudice to its renewal, if necessary, after the resolution of the outstanding summary judgment motion." Dkt. No. 295 at 2.

The next Spring, on March 31, 2022, District Judge Swain denied Defendants' Summary Judgment Motion on all counts, and correspondingly denied as moot Plaintiff's previous Rule 56(d) motion seeking to adjourn summary judgment until further discovery was completed. Dkt. No. 302.

During the eight months between the denial of the Summary Judgment Motion and this Motion to Reopen, Plaintiff moved to seal business records (Dkt. No. 305), filed its own (still pending) Motion for Partial Summary Judgment (Dkt. No. 310), moved for attorney's fees (Dkt. No. 320), and switched attorneys (Dkt. Nos. 358, 359, and 365).

Of these several filings, not one related to reopening discovery until December 2022.

On December 9, 2022, Plaintiff provided a letter motion seeking leave to move to reopen discovery. Dkt. No. 371. Plaintiff then formally moved to reopen discovery on February 13, 2023. Dkt. No. 378. The Parties' briefs were fully submitted in late March. Dkt. No. 387.

As Judge Swain referred all General Pretrial matters, including "scheduling, discovery, and non-dispositive pretrial motions," the Motion to Reopen here is now before this Court. <u>See</u> Dkt. No. 96 and Notice of Reassignment (February 3, 2022).

## **PLAINTIFF'S POSITION**

AMSI emphasizes that "Defendants engaged in a lengthy pattern of obstructive conduct designed to prevent AMSI from the discovery of crucial evidence…" Dkt. No. 378 at 1.

Plaintiff argues that "Defendants' history of noncompliance includes their three-month long delay in responding to AMSI's document requests, their yearlong delayed production of Defendants' correspondence relating to the accused software until the close of discovery in 2020, their refusal to appear for timely-noticed depositions, and their two-year long refusal (even after being sanctioned) to comply with the Court's July 9, 2020, discovery order compelling Defendants to produce pre

5

and post-June 2016 operational versions of the accused software and the contents of the server…which Defendants used as a development lab…" Dkt. No. 378 at 2.

AMSI contends that it can establish good cause to reopen discovery "for the limited purpose of allowing AMSI to conduct the Defendants' timely-noticed depositions for which they declined to appear, and to conduct expert discovery and follow-up fact discovery limited to documents relating to revenues and costs associated with the licensing, sale, and/or use of the Accused Rakamaric Software." Dkt. No. 378 at 2.

Plaintiffs assert that "Defendants refused to appear for depositions and refused to comply with the July 9, 2020, discovery order. Defendants' refusal was not in good faith…Expiration of the discovery period did not justify Defendants' contempt – particularly where the January 12, 2021 Order explicitly and unambiguously denied the Law Firm Defendants' Motion for a Protective Order…" Dkt. No. 378 at 10.

Plaintiff says, "AMSI has not neglected discovery or engaged in delay tactics. Although discovery closed on October 5, 2020, the Parties were then engaged in continuous discovery-related motion practice to address Defendants' persistent recalcitrance through late July 2021…" Dkt. No. 378 at 15.

AMSI also submits that it should be able to depose Defendants to specifically ask about the Law Firm's profits, stating, "with respect to revenues generated by the Law Firm Defendants arising from the use of the accused software…this information was not earlier sought from the Law Firm Defendants….based on sworn affidavits submitted by the Law Firm Defendants that they were in no way involved with the development of the accused software." Dkt. No. 378 at 17. But after finally receiving the software and reviewing the discovery provided by Defendants, "AMSI

discovered…that Law Firm personnel were personally and intimately involved with software development…and in the replication of AMSI's software." Dkt. No. 378 at 18.

Plaintiff submits that "in view of the complexity of the programs at issue, which occupy as many as hundreds of thousands of lines of source code, the eight months needed to complete this examination and seek additional discovery is most certainly not unreasonable." Dkt. No. 378 at 18.

According to AMSI, "Before that time, it was not foreseeable to AMSI that it would potentially be entitled to an award of the Law Firm Defendants' profits derived from their earlier use of the accused software…AMSI had no reason during the initial discovery period to seek documents or information concerning the Law Firm Defendants' revenues…" Dkt. No. 378 at 20.

Finally, Plaintiff submits that "when determining whether a party has established good cause, courts throughout the nation, including in this Circuit, have weighed six factors: 1) whether trial is imminent 2) whether the request to re-open discovery is opposed 3) whether the nonmoving party would be prejudiced 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court 5) the foreseeability of the need for additional discovery and 6) the likelihood that the discovery will lead to relevant evidence." Dkt. No. 378 at 9-11.

As for the six-factor test, AMSI contends that first, the trial is not imminent as their Partial Summary Judgment Motion is still pending, Id. at 11. Second, Plaintiff believes that despite opposing the Motion (factor two) Defendants "will not incur any prejudice" (factor three). Dkt. No. 378 at 20. On diligence, AMSI argues, "AMSI has been indisputably diligent in discovery." Id. On foreseeability, Plaintiff

7

contends that until the summary judgment documents and software were produced, they had no reason to foresee that they could be entitled to the Law Firm Defendants' profits. AMSI also asserts, "the sixth factor weighs in AMSI's favor…absent depositions, AMSI is unable to determine Defendants' knowledge and participation in the activities complained of…" Dkt. No. 378 at 20.

Thus, AMSI contends, "the six factors necessary to establish good cause weigh in AMSI's favor of re-opening discovery." Dkt. No. 378 at 12.

## **DEFENDANT'S POSITION**

On the other hand, Defendants insist that "there is simply no factual or legal basis to reopen discovery." Dkt. No. 380 at 1.

Concerning "the new request to reopen discovery…on…alleged revenues…Plaintiff admits that at no point in almost seven years that have passed in this litigation did Plaintiff ever make a request for that discovery." Dkt. No. 380 at 4.

Defendants highlight that "Plaintiff ignores that it explicitly sought from the beginning of this case 'any profits gained by Defendants' in its June 21, 2016 Complaint." Dkt. No. 380 at 9 *citing* Dkt. No. 1.

Similarly, Defendants point out that in their response to the Second Amended Complaint Defendants asserted, "Plaintiff is not entitled to any award for damages of the Answering Defendants' profits, if any." Dkt. No. 380 at 9 *citing* Dkt. No. 118.

Plaintiff also listed "Defendants' profits" in "its April 22, 2019, Interrogatory responses when asked to explain its damages." Dkt. No. 380 at 10. Nevertheless, Defendants argue, "Plaintiff never actually requested written documents concerning the Law Firm's revenues from the Law Firm Defendants." Id.

Defendants admit that "Plaintiff is correct that on August 25, 2020, Bruce Katz, AMSI's then counsel, emailed deposition notices…for the following week." Id. at 12. But Defendants contend that "the record is clear that the Law Firm Defendants asked Plaintiff to provide new mutually agreeable dates for depositions to accommodate the Law Firm Defendants' schedules. Plaintiff never provided proposed dates for the depositions." Dkt. No. 380 at 13.

Defendants emphasize that "Plaintiff never moved to compel the depositions." Dkt. No. 380 at 13.

Finally, Defendants highlight that "no explanation is given for the roughly nine[1] month time lag between the Court's decision on the Motion for Summary Judgment and Plaintiff's request for leave to file a Motion to Reopen Discovery." Dkt. No. 380 at 13.

Defendants Branko Rakamaric and Benjamin Wachter join in the submissions provided by the Law Firm Defendants. See Dkt. Nos. 379 and 381.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 16(b)(1) states that "a Magistrate Judge…must issue a scheduling order." That scheduling order "must limit the time to…complete discovery." Fed. R. Civ. Pro. 16(b)(3).

Importantly, "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4).

District courts in this Circuit generally consider six factors in deciding whether good cause to re-open discovery exists: "(1) whether trial is imminent, (2) whether the

---

[1] The Motion for Summary Judgment was issued by Judge Swain on March 31, 2022. The letter motion requesting leave to file a Motion to Reopen was filed on December 9, 2022. Thus, the gap is not nine months, but rather eight months and nine days.

request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." Carroll v. Trump, No. 22-cv-10016 (LAK), 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023).

While courts consider all six factors, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the extension." See SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd., No. 18-cv-5427 (JSR), 2019 WL 1460753, at *1 (S.D.N.Y. Jan. 22, 2019); see also In re: Gen. Motors LLC, No. 14-mc-2543 (JMF), 2016 WL 2766654, at *1 (S.D.N.Y. May 12, 2016)("Significantly, the "primary consideration" in determining whether such good cause exists is "whether the moving party can demonstrate diligence.") c*iting* Kassner v. 2d Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007); see also Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (noting that whether good cause exists "depends on the diligence of the moving party.").

## ANALYSIS

To determine whether to reopen discovery, the Court will apply the six "good cause" factors, with a special emphasis on the "primary consideration" of whether AMSI was diligent. See In re: Gen. Motors LLC, *supra*.

The first factor is whether a trial is imminent. Here, AMSI still has a pending Partial Summary Judgment Motion, and no trial date has been set. Dkt. No. 345. Hence, this factor favors reopening discovery.

Second, the request is vociferously opposed by Defendants. Thus, this factor favors denying the request to reopen.

Third, the non-moving party has not identified any specific prejudice from an extension aside from "the additional legal fees related to preparing for and holding depositions and reviewing documents to be produced." See Dkt. No. 380 *citing* Gao v. Savour Sichuan Inc., No. 19-cv-2515 (JPC)(KHP), 2021 WL 4892864, at *2 (S.D.N.Y. Oct. 20, 2021). Here, Defendants were already sanctioned for failing to provide the source code, and their request for a protective order denying further discovery was denied. See Dkt. No. 232. Thus, there would be no legal fees incurred that Judge Fox did not already order Defendants to incur. Hence, the prejudice here is minimal.

Next, in analyzing "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court," it is noteworthy that Plaintiff alleges that it had no reason to believe it should pursue discovery related to Defendants' profits until an expert analysis of the software revealed their alleged culpability and the expert review was not completed until "after the close of initial discovery." Dkt. No. 378 at 19.

However, going all the way back to 2016, Plaintiff explicitly sought "any profits gained by Defendants." See Dkt. No. 1. Similarly, Defendants, in their response to the Second Amended Complaint asserted, "Plaintiff is not entitled to any award for damages of the Answering Defendants' profits, if any." See Dkt. No. 380 at 9 *citing* Dkt. No. 118. Plaintiff also listed "Defendants' profits" when asked to explain its damages. Dkt. No. 380 at 10.

Yet, "Plaintiff never actually requested written documents concerning the Law Firm's revenues from the Law Firm Defendants." Id.

Plaintiff cannot claim a need for discovery on lost profits was unforeseeable when it identified "lost profits" as a source of damages in its initial complaint. Thus, this factor also favors denying the request to reopen.

11

Another factor is "the likelihood that the discovery will lead to relevant evidence." See Carroll v. Trump, No. 22-cv-10016 (LAK), 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023). Here, a deposition of the named Defendants and the accused software would certainly be relevant to the issues in dispute. So this factor favors granting the request to reopen.

Finally, the "primary consideration" in determining whether good cause exists is "whether the moving party can demonstrate diligence." See In re: Gen. Motors LLC, No. 14-mc-2543 (JMF), 2016 WL 2766654, at *1 (S.D.N.Y. May 12, 2016) *citing* Kassner v. 2d Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007); see also Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (noting that whether good cause exists "depends on the diligence of the moving party.").

Defendants, frankly, seem to have flouted Judge Fox's Order to produce the accused software and to sit for depositions. See Dkt. No. 232 and Dkt. No. 274. However, since 2016, Plaintiff took no action to compel the depositions or production of the accused software. Furthermore, when Judge Fox denied its request to reopen without prejudice, Plaintiff was put on notice that it should act to request a reopening of discovery once Judge Swain issued her decision on Defendants' Motion for Summary Judgment. Dkt. No. 295 at 2.

That decision was issued in March 2022. Dkt. No. 302.

During the eight months between the denial of the Summary Judgment Motion and the Motion to Reopen here, Plaintiff chose to file various motions, none of which was a Motion to Reopen or to compel discovery. See Dkt. Nos. 305, 310, 320, 358, 359, and 365.

Plaintiff did switch attorneys, but as Plaintiff's counsel admitted, Plaintiff itself must bear the responsibility for that. See Dkt No. 380-2, Transcript of February

8, 2023, Hearing at 12 ("we're dealing with a change of counsel, which we take responsibility for…").

Regardless of the Defendants' questionable behavior, this eight-month delay is simply inexcusable.

Thus, since the moving party's diligence is the "primary factor," the request to reopen discovery must be denied.

## *SUA SPONTE* CONSIDERATION OF WHETHER TO SANCTION DEFENDANTS

As mentioned above, the Defendants flouted Judge Fox's Order to produce the accused software and to sit for depositions. See Dkt. No. 232 and Dkt. No. 274.

For this reason, the Court will consider *sua sponte* whether to sanction Defendants for their failures to comply with Judge Fox's clear directives. See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991) ("a court has a third means at its disposal for sanctioning improper conduct: its inherent power. This power stems from the very nature of courts and their need to be able "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'").

Defendants argue that they were not given enough time to sit for the depositions and that the Plaintiffs had already received the accused software from a third party. Dkt. No. 380 at 13-15 ("the record is clear that the law Firm Defendants asked Plaintiff to provide new mutually agreeable dates for depositions to accommodate the Law Firm Defendants' schedules. Plaintiff never provided proposed dates for the depositions.").

Still, Judge Fox's denial of the Protective Order should have put Defendants on notice that the mere closing of discovery was not a sufficient basis to continue

13

denying valid discovery requests. This was not crafty lawyering or smart strategic decision-making. This was, at the very least, borderline sanctionable behavior.

That said, the Second Circuit and Supreme Court have "cautioned that because of the very potency of a court's inherent power, it should be exercised with restraint and discretion… absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity," a court should not sanction a party based on its inherent powers. See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991) *citing* Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).

Therefore, because the deposition notices were never provided to the Court, and because the operational version of the software was already provided to the Plaintiffs via a third-party subpoena, the Court declines to sanction the Defendants.

## CONCLUSION

Because the Plaintiffs failed to exercise the requisite diligence, the Motion to Reopen is DENIED. The Clerk of the Court is respectfully requested to close Dkt. No. 378.

SO ORDERED.

DATED:   New York, New York
         August 29, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge