**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
AUTOMATED MANAGEMENT SYSTEMS, INC.,

                              Plaintiff,

        -against-

RAPPAPORT HERTZ CHERSON &
ROSENTHAL P.C. *et al.*,

                              Defendants.
-----------------------------------------------------------------X

**ORDER**

**16-cv-4762 (LTS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Parties attended a settlement conference on January 19th. Among the issues discussed was whether it would be appropriate for the pro se Defendant Mr. Rakamaric, to be appointed free counsel (otherwise known as "*pro bono*" counsel).

In *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986), the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant *pro bono* counsel. 802 F.2d at 61-62. First, a court must find that the litigant is indigent. Second, a court must then consider whether the litigant's claim "seems likely to be of substance." Id. at 60–61. If these threshold requirements are met, a court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Id.

In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has

survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61. Courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Davidson v. NYC Health & Hosps. Corp., No. 22-CV-764 (AS), 2023 WL 8368887, at *1 (S.D.N.Y. Dec. 4, 2023).

Here, Mr. Rakamaric is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). He has convincingly represented to the Court that he previously had an attorney but could not afford to continue paying them. He also explained to the Court that due to family circumstances, he is now the only member of the family currently earning an income. Hence, the first prong is satisfied.

Second, the Court holds that the Defendant's claim "seems likely to be of substance." Defendant has put forward defenses to Plaintiffs' copyright claims and a trial is forthcoming. Especially given that "pro se litigants…deserve more lenient treatment than those represented by counsel," Mr. Rakamaric has put forth a claim that satisfies the second prong of Hodge. See McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988).

Therefore, on balance, after taking all the relevant factors into account, the Court finds that granting the Defendant, Mr. Rakamaric, *pro bono* representation in this case would "lead to a quicker and more just result..." *Hodge*, 802 F.2d at 61.

The Office of Pro Se Litigation is respectfully requested to provide the Court with an update by **March 15, 2024,** as to whether an attorney is willing to represent Mr. Rakamric for the purposes of settlement only.

By **March 15th**, the Parties are directed to provide the Court with an update as to the status of any settlement negotiations with either Ms. Rakamaric in his *pro se* capacity or with any *pro bono* attorney.

SO ORDERED.

Dated:   New York, New York
         February 23, 2024

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge

3