UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUTOMATED MANAGEMENT
SYSTEMS, INC.,

Plaintiff,

-against-

RAPPAPORT HERTZ CHERSON
ROSENTHAL, P.C., WILLIAM
RAPPAPORT, STEVEN M. HERTZ,
ELIOT J. CHERSON, MICHAEL C.
ROSENTHAL, BRANKO RAKAMARIC,
and BEN WACHTER

Defendants.

Civil Action No. 16-cv-04762(LTS)(JEW)

## CONSENT INJUNCTION

Plaintiff, AUTOMATED MANAGEMENT SYSTEMS, INC. ("Plaintiff" "or AMSI") and

BEN WACHTER (Plaintiff and Defendant are referred to jointly herein as the "Parties") hereby

stipulate as follows:

WHEREAS, on June 21, 2016, Plaintiff filed a complaint against Defendants,

RAPPAPORT HERTZ CHERSON ROSENTHAL, P.C., ("RHCR"), WILLIAM RAPPAPORT,

STEVEN M. HERTZ, ELIOT J. CHERSON, MICHAEL C. ROSENTHAL ("the Law Firm

Defendants") and BRANKO RAKAMARIC (Doc. No. 1) asserting claims for copyright

infringement, breach of contract and unfair competition based on allegations of copying by

Defendants of AMSI's Landlord-Tenant Law Software ("LTLS") and infringement of AMSI's

registered copyrights in AMSI's LTLS by Defendants' accused Landlord-Tenant Law Software

created by Branko Rakamaric (the "RAKAMARIC SOFTWARE" aka "LTWORK");

WHEREAS, on April 30, 2019, AMSI filed a Third Amended Complaint (Doc. Nos. 138,

170) naming Defendant BEN WACHTER and including additional claims for tortious interference

with contract and misappropriation of trade secrets under New York law and the federal Defense of Trade Secrets Act ("DTSA");

WHEREAS, AMSI and BEN WACHTER have agreed to a consensual resolution of AMSI's claims solely against BEN WACHTER;

NOW, THEREFORE, THE PARTIES AGREE AND STIPULATE as follows:

1.      This Court has subject matter jurisdiction over this action, which arises, *inter alia*, under the Copyright Act of 1976, 17 U.S.C. §§101 et seq., pursuant to 28 U.S.C. §§ 1331 and 1338.

2.      I was retained by Branko Rakamaric to assist in the development of the RAKAMARIC SOFTWARE on behalf of RHCR. Specifically, I was asked to assist Mr. Rakamaric and RHCR with the conversion and migration of data from AMSI's LTLS Software into the RAKAMARIC SOFTWARE and automation tasks as to the RAKAMARIC SOFTWARE.

3.      During the course of my retention, I met with Mr. Rakamaric and the staff of defendant RHCR, including William Rappaport and Adrian Beltran, who provided me with automated "Email Alerts" that RHCR wanted to be built into the RAKAMARIC SOFTWARE, which lacked such feature. RHCR made it clear that they wanted to have the fully automated Email Alerts that they already had in place, generated to end-users of the RAKAMARIC SOFTWARE. Together with Mr. Rakamaric, I built the automated Email Alerts available in the RAKAMARIC SOFTWARE from 2016-2019 using information provided to myself by Mr. Rakamaric and RHCR (who also provided the same information to Mr. Rakamaric). Mr. Rakamaric and I also received requests for modifications from William Rappaport and Adrian Beltran of RHCR.

4.      Throughout my time working in the aforementioned project for RHCR and Mr. Rakamaric, I loaded data from MySQL to tables created by Mr. Rakamaric in the RAKAMARIC

SOFTWARE using conversion scripts for the initial platform conversion from AMSI's LTLS Software to the RAKAMARIC SOFTWARE.

5.    Specifically, I mapped transactions to be bulk loaded from the MYSQL tables loaded with data from AMSI's LTLS Software into the tables of the RAKAMARIC SOFTWARE. Data from AMSI's LTLS Software was loaded into MySQL tables by Mr. Rakamaric. I translated that data using MySQL scripts that I wrote to move the data obtained from tables in AMSI's LTLS Software into the database of the RAKAMARIC SOFTWARE. The majority of such work consisted of deducing what each column represents in the data set of AMSI's LTLS Software and where it belongs in the RAKAMARIC SOFTWARE. The other major portion of work was reconciling the data and output of the RAKAMARIC SOFTWARE against values provided by RHCR.

6.    I worked together in performing all of the foregoing work with Branko Rakamaric.

7.    The Parties agree that the Permanent Injunction on Consent that appears below shall be deemed entered as an Order of the Court. The Parties agree that this Court has jurisdiction to enter this Consent Injunction, including the Permanent Injunction below, and to enforce the same pursuant to the terms hereof.

8.    No security shall be required with respect to the entry of any of the provisions of this Consent Injunction, including the Permanent Injunction below.

PERMANENT INJUNCTION ON CONSENT

The Court enters a Permanent Injunction in favor of AMSI, and against Defendant BEN WACHTER pursuant to 17 U.S.C. §502 and Federal Rule of Civil Procedure 65, and in accordance with the following terms.

3

Defendant BEN WACHTER is permanently enjoined and restrained from infringing in any manner any copyright in any and all of AMSI's Copyrighted Works including without limitation by engaging in any of the following without written authority from the Plaintiff:

(a) Defendant BEN WACHTER, and any agents, servants, employees, partners, business entities, attorneys, and/or persons controlled directly or indirectly by the Defendant BEN WACHTER or acting on his behalf or in concert with him and all those person in active concert or participation with them or any one of them are HEREBY ENJOINED from the development, sale, transfer, importation, offering for sale, advertisement (including online advertisement via the Internet), distribution and/or marketing of any Landlord-Tenant Law Software and/or rendering of any development or consulting services, or assistance whatsoever, in the development, sale, transfer, importation advertisement, movement, modification, manufacture or distribution of Landlord-Tenant Law Software, unless expressly authorized by Plaintiff.

(b) directly or indirectly enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing any User to use the RAKAMARIC SOFTWARE or other comparable software.

(c) Defendant BEN WACHTER REPRESENTS that he does not possess any copies of the RAKAMARIC SOFTWARE or any other comparable software.

(d) Defendant, BEN WACHTER represents that he has never engaged in any importing, selling, distributing, advertising, and/or promoting Landlord-Tenant Law Software or other goods constituting, embodying or bearing any of AMSI's Intellectual Property, including AMSI's LTLS Software or any derivative work thereof.

(e) This Consent Judgment shall be BINDING ON and INURE TO the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each party.

(f) This Court RETAINS jurisdiction over the parties and the subject matter for the purpose of enforcing compliance with the terms stated herein and for enabling the parties to apply to this Court for further orders and to remediate violations hereof. Any person or entity found to be in violation of this Permanent Injunction shall be subject to all applicable penalties and punishments allowed by law, including without limitation for contempt of Court. Upon finding a party to be in violation of a provision of this Consent Judgment, the Court will issue an order directing the violating party to comply with the violated provisions. Any such application to enforce the terms hereof may be served on the parties' respective counsel by reputable overnight courier at counsel's address existing at such time. In the event that any of the Defendants is found by the Court to have violated or to be in default of the Consent Judgment, then the Court shall also assess damages and award reasonable attorney's fees and costs for the enforcement of the Order, including investigative fees and expenses.

4

AGREED TO AND ACCEPTED:

BEN WACHTER
Dated: June 11, 2024

ANTONIA TRAINA
President
AUTOMATED MANAGEMENT SYSTEMS, INC.
Dated: June 11, 2024

SO ORDERED:

/s/ Laura Taylor Swain

HON. LAUARA TAYLOR SWAIN ,USDJ

Dated: July 18, 2024

5