UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

AUTOMATED MANAGEMENT
SYSTEMS, INC.,

       Plaintiff,

  -v-                                                No.   16-CV-04762-LTS-JW

RAPPAPORT HERTZ CHERSON
ROSENTHAL, P.C., WILLIAM
RAPPAPORT, STEVEN M. HERTZ, ELIOT
J. CHERSON, MICHAEL C. ROSENTHAL,
BRANKO RAKAMARIC,

       Defendants.

-------------------------------------------------------x

## ORDER

The Court has received an <u>ex parte</u> communication from <u>pro se</u> Defendant Branko Rakamaric concerning his perspective on what the Court understands to be ongoing settlement negotiations and requesting the Court's advice. That communication will be filed under seal and viewable only to the parties' and Court personnel. The undersigned, as the trial judge in this action, is not involved in the parties' settlement negotiations and cannot advise a party.

The Court construes Mr. Rakamaric's request for legal advice as a request for the appointment of <u>pro bono</u> counsel. For substantially the same reasons set forth in Magistrate Judge Willis' February 23, 2024 Order, the Court finds that granting Mr. Rakamaric <u>pro bono</u> representation in this case would "lead to a quicker and more just result." <u>Hodge v. Police Off.</u>, 802 F.2d 58, 61 (2d Cir. 1986).

The Court will therefore request that counsel appear to represent Defendant Rakamaric for settlement purposes in advance of the upcoming bench trial in this action, which

is scheduled for February 12, 13, 19, 20, and 26th. (Docket entry no. 419 (the "Amended Pretrial Scheduling Order").)  Before the Court for trial are Plaintiff's remaining claims for copyright infringement, trade secrets misappropriation,[1] and unfair competition against all Defendants, and Plaintiff's claims for breach of contract (against the non-Rakamaric Defendants (the "Law Firm Defendants")) and tortious interference with contract (against only Rakamaric).  (See docket entry no. 138-2 (the "Third Amended Complaint").)  The Court ruled on non-dispositive pretrial motions in limine on December 4, 2024.  (Docket entry no. 437.)  The Parties have filed their Joint pretrial statement (docket entry nos. 449, 452) and proposed findings of fact and conclusions of law (docket entry nos. 448, 451).  The final pretrial conference is scheduled to occur on January 24, 2025, at 11:00 a.m.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in litigating Plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Defendant's representation beyond the matters described in this Order.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Defendant will end upon completion of the settlement discussions, but, if necessary and Defendant so requests, counsel would be free to represent Defendant at trial.

---

[1] Following Defendants' December 17, 2024 motion for sanctions against Plaintiff, the Court issued an Order to Show Cause directing Plaintiff to show cause as to why their trade secret violations claims have not been mooted following the voluntary disclosure of Plaintiff's alleged trade secrets. (Docket entry no. 454.)  Plaintiff was granted an extension until January 24, 2025, to respond.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Defendant in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendant or to the Court in this matter.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Defendant for the limited purposes described above. The Court advises Defendant that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendant. If an attorney volunteers, the attorney will contact Defendant directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Defendant should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated: New York, New York
      January 17, 2025

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge